JOHN R. POTTS, PLAINTIFF IN ERROR, v. RICHARD W. EVANS, DEFENDANT IN ERROR.

An error which occurs at the trial of a cause cannot be made a ground of reversal unless it is embraced in the bill of exceptions.

On error to the Supreme Court.

For the plaintiff in error, *William W. Benthall.*

For the defendant in error, *Howard Carrow.*

The opinion of the court was delivered by

GUMMERE, J.  Evans, the defendant in error, brought suit in the Supreme Court against Potts, the plaintiff in error, to recover certain moneys which he claimed were due to him under a contract made between him and Potts, by the terms of which he was employed as a salesman for a period of one year from the 1st day of October, 1894, at a salary of $1,560, payable in equal weekly installments.

Evans entered upon his employment at the time named in the contract and performed his duties as salesman for Potts until the 2d day of February, 1895, when he was discharged by the latter.  He received the weekly installments of his salary, as they accrued, up to the time of his discharge, but

was refused further payments after that time. Thereupon, on the 1st of March, 1895, he brought this suit against Potts to recover from him the balance of his salary, amounting to $1,020, and on April 12th recovered a verdict for the full amount thereof.

The first error which is alleged is that the trial judge over-ruled a motion to nonsuit the plaintiff, and the ground which is relied upon under this assignment is that the contract sued upon was void by force of the statute of frauds, because it was not to be performed within a year from the making thereof. This assignment is without merit. It was testified on behalf of the plaintiff that the contract was made on the very day upon which it began to run, namely, October 1st, 1894, and that he immediately entered upon its performance. This was denied by the defendant, who insisted that the contract was made several weeks before that time. It was therefore for the jury to determine, under proper instructions from the court, whether or not the contract was within the statute.

The only other error assigned was that the trial judge improperly construed certain exhibits offered by the defendant. This assignment has not been argued before us except in a perfunctory way, and an examination of the exhibits in question shows that they were correctly construed by the trial judge.

It was also argued before this court that it was error for the trial judge to permit the plaintiff to recover the whole amount of his year's salary, notwithstanding the fact that at the time of such recovery the year had still several months to run, and that by the terms of his contract the plaintiff was only entitled to receive his salary in weekly installments, the last installment not being due until the end of the year. The plaintiff's recovery of that portion of his salary which had not yet accrued and become due to him was clearly illegal, and the error would have at once been rectified by the trial judge had his attention been called to it by defendant's counsel. Unfortunately for the defendant, however, this was not done, nor was the error made the basis of an exception, and

this latter omission makes it impossible for us to direct a new trial on this ground. The consequence is that the judgment below must be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DEPUE, GUMMERE, LIPPINCOTT, LUDLOW, MAGIE, VAN SYCKEL, BOGERT, BROWN, KRUEGER, SIMS, SMITH, TALMAN. 14.

*For reversal*—None.