JOSEPH F. MOORE v. CENTRAL FOUNDRY COMPANY.

Argued February 26, 1902—Decided June 9, 1902.

An employe, who is wrongfully discharged before the end of the term
fixed by his contract of employment, is entitled to recover from
his employer, as damages for such wrongful discharge, the amount
which he would have earned if he had been permitted to continue
his service until the expiration of the time during which the
contract had yet to run, after deducting such sum as he might
reasonably earn between the time of his discharge and the end
of the term fixed by the contract.

On rule to show cause why verdict for plaintiff should not
be set aside.

Before GUMMERE, CHIEF JUSTICE, and Justices VAN
SYCKEL, GARRISON and GARRETSON.

For the rule, *James B. Vredenburgh.*

*Contra, Edward A. Day.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The plaintiff brought suit to
recover damages for breach of a written contract of employ-
ment by the terms of which he was to receive as compensation
for his services a salary of $3,500 each year. By the contract
his employment commenced July 1st, 1899, and continued
five years from that time. On the 1st day of February, 1901,
he was discharged by the defendant. The verdict in the case
was rendered January 5th, 1902, and was for $11,958.33, the
amount which he would have received up to July 1st, 1904,
the end of his term of service under the contract, if he had
continued in the employ of the defendant up to that date.
Two reasons for setting aside this verdict are urged by the
defendant—first, that the weight of the evidence is against
the finding of the jury that the plaintiff's discharge was with-

out legal justification. Our examination of the testimony leads us to the conclusion that the testimony will support that finding of the jury.

The second ground upon which we are asked to set the verdict aside is that it is manifestly excessive. We think there can be no doubt but that this is so. Although the plaintiff had served the defendant for less than half the period contracted for, the jury have awarded him damages equal in amount to what he would have received if he had served for the full term of his contract, and that too without any rebate for the advance in the time of payment. In the case of *Potts* v. *Evans,* 29 *Vroom* 384, the plaintiff, who had been discharged by his employer, brought an action on his contract to recover the whole amount of his salary which was provided by its terms. The action was brought and a trial had before the expiration of the period of service for which the salary was payable. The plaintiff was permitted to recover the entire sum sued for, notwithstanding the fact that his salary was payable in weekly installments, and that many of the installments were not due at the time of the rendition of the verdict. It was declared by the Court of Errors and Appeals that the recovery of the portion of his salary which had not yet accrued and become due to him was clearly illegal.

The mere fact that an employe, instead of suing to recover a salary, part of which has not yet become due, brings his action to recover damages sustained by his illegal discharge, does not entitle him to recover the full amount of the compensation which he would have received if he had served out the full term of his employment.

The trial judge properly instructed the jury as to the legal principles which should govern them in making up their verdict by directing them that they should first consider the amount the plaintiff would have earned if he had remained in the defendant's employ for the full term of the contract; that they should then take into consideration the fact that after his discharge his time became his own, and that it was his duty to utilize that time in endeavoring to obtain employment elsewhere; that they should further consider what the

reasonable prospect of his getting such employment was, in view of his age and state of health, and deduct from the total amount payable under the contract such sum as in their judgment the plaintiff might reasonably earn up to the expiration of the time for which the contract was yet to run.

The refusal of the jury to make any deduction was tantamount to saying that the plaintiff would be unable to obtain employment during the time specified, notwithstanding proper effort upon his part to do so. On the evidence before them they would have been equally justified in concluding that he would have been unable to obtain further employment for the rest of his lifetime.

There was nothing in the testimony submitted to warrant any such conclusion. The jury, in determining the amount of damages to be awarded to the plaintiff, disregarded the instruction of the court, and the rule to show cause should be made absolute.