ANNA SHERWIN, DEFENDANT IN ERROR, v. LAZAR STERN-
BERG AND ROSE STERNBERG, PLAINTIFFS IN ERROR.

Argued June 4, 1908—Decided November 9, 1908.

Defendants entered into a written agreement with plaintiff wherein
they agreed to incorporate as L. Sternberg & Company, upon the
strength of which plaintiff contributed $1,500 to defendants. The
corporation was never formed, and in a suit by plaintiff to re-
cover the amount paid—*Held*, that the consideration having
failed the defendants were liable under the agreement as joint
contractors in an action of *assumpsit*.

On error.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCH-
ARD and MINTURN.

For the defendant in error, *Arthur T. Dear* and *George G.
Tennant.*

For the plaintiff in error, *Frank E. Bradner.*

The opinion of the court was delivered by

MINTURN, J. The plaintiff and defendants entered into a
written contract whereby they agreed within five days from
the date thereof that the defendants would form a corporation
to be known as L. Sternberg & Company, in pursuance of
which the plaintiff contributed to the defendants, one of
whom at least at that time was conducting a department store
business in Jersey City, the sum of $1,500, for which the
plaintiff was to receive stock and a position in the business.

The defendants failed to form the corporation within the
time limited, or at all, and the plaintiff brought suit upon the
common counts to recover the amount paid. The trial court
directed a verdict upon this testimony for the plaintiff, and
this writ of error is intended to review the correctness of that
direction. The testimony demonstrated that the defendants

received the money; that an effort was made to incorporate, but that the secretary of state refused to allow the incorporating papers to be filed because of a similarity of title to that of an existing corporation. Defendants' contention that the filing of the incorporation certificate with the county clerk resulted in the formation of at least a *de facto* corporation is without merit, for the reason that the plaintiff's agreement was to contribute to the formation of a *de jure* corporation. Furthermore, that question was not raised by exception at the trial and it cannot, therefore, be noticed here. *Associates* v. *Davison,* 5 *Dutcher* 415; *Potts* v. *Evans,* 29 *Vroom* 384.

The contention that the defendant Rose Sternberg occupied the *status* only of a surety is erroneous. Her *status* was fixed by the agreement in evidence in which she acknowledged herself to be a "party of the first part," and further acknowledged that the plaintiff had contributed $1,500 for the purpose of the incorporation, "the receipt whereof is hereby acknowledged by the said parties of the first part." She is therefore estopped from denying that she had an interest in the business or that she was benefited by the payment. 16 *Cyc.* 679, and cases; *State Bank* v. *Chetwood,* 3 *Halst.* 1; 2 *Rice Evid.* 708.

The facts proved make it clear, as a matter of law, that under the terms of the agreement the defendants were liable as joint contractors, and, upon the well-settled principles applicable to that *status,* they became liable in an action of *assumpsit,* upon failure of the consideration expressed in the agreement, to repay to the plaintiff the money advanced by her as *quid pro quo* for the performance of the defendants' agreement. 4 *Cyc.* 229, and cases; 1 *Chit. Pl.* 99; 1 *Pars. Cont.* 22; *Alpaugh* v. *Wood,* 24 *Vroom* 638; *Cory* v. *Freeholders of Somerset,* 18 *Id.* 181; *National Trust Co.* v. *Gleason,* 77 *N. Y.* 400.

Entertaining this view of the case, we find the remaining assignments of error without merit, and conclude that the judgment should be affirmed.