FLORA E. CLEAVES, AS ADMINISTRATRIX AD PROSE-
QUENDUM OF DANIEL L. CLEAVES, DECEASED, RE-
SPONDENT, v. WILLIAM YESKEL AND SAMUEL YES-
KEL, DOING BUSINESS UNDER THE FIRM NAME AND
STYLE OF YESKEL SUPPLY COMPANY, APPELLANTS.

Submitted February 17, 1928—Decided May 14, 1928.

(497)

For the appellants, *Mark Townsend* and *Merritt Lane*.

For the respondent, *Fred G. Stickel, Jr.,* and *Ralph O. Willguss.*

The opinion of the court was delivered by

WALKER, CHANCELLOR.. This suit was commenced in the Supreme Court, Essex county, by the administratrix *ad prosequendum* of decedent, to recover damages from the defendants for the death of plaintiff's intestate, and on the first trial the judge of the Circuit Court granted a nonsuit. This was reversed in an opinion by this court (102 *N. J. L.* 621), upon the ground that it was open to the jury to ascertain from the facts whether the deceased as servant was in pursuance of the orderly and expeditious transaction of the master's business and with his implied assent at the time of the accident.

On the second trial there was a verdict for the plaintiff. Following this the defendant obtained from the Circuit judge a rule to show cause, returnable before the Supreme Court, why the verdict should not be set aside and a new trial granted, on the sole ground that the verdict of the jury was against the weight of the evidence, and that the granting of the rule should not operate as a waiver of any objections or exceptions granted to defendants, but each of them was thereby expressly reserved for the purpose of an appeal. Thereafter, the defendants filed five reasons for setting the verdict aside and granting a new trial. The first four were that the verdict of the jury was contrary to the weight of the evidence as granted in the rule, and the fifth was that the verdict was contrary to the charge of the court. The defendants could have relied upon the limitations contained in the rule and refrained from finding the last cause for reversal, but chose to write it down and argue it, and are bound by it.

The Supreme Court in its *per curiam* opinion on the rule to show cause, after reciting all the reasons alleged for a new trial, including the one that the verdict was against the charge, said that they were unwilling to disturb the verdict for any of the reasons alleged for a new trial, and that the rule to show cause was therefore discharged, and an appropriate order and judgment were thereupon entered.

Thereafter, the defendants appealed to this court from the whole of the judgment entered, and specified ten grounds of appeal. The first, that the court at the close of plaintiff's case refused to nonsuit the plaintiff on the ground that she had failed to disclose any negligence on the part of the defendants, and that the plaintiff's decedent was guilty of contributory negligence; also that the court, at the close of the whole case, refused to direct a verdict for the defendants on the ground that plaintiff had failed to prove the issues raised in the pleadings, referring to certain matters claimed to be deducible from the evidence; that the court erred in ruling on certain questions relating to certain witnesses and certain testimony; that the court erred in refusing to charge certain requests of defendants, and erred in charging the jury as to a certain request of the plaintiff.

The defendants on the rule to show cause have set down reasons that the verdict was contrary to the weight of the evidence in varying phases, and also contrary to the charge of the court, all of which was decided; but, whether so or not, they were precluded from making those matters the subject of appeal, as will hereafter appear.

This court in *Goekel* v. *Erie Railroad Co.,* 100 *N. J. L.* 279, held, that where a party obtains a rule to show cause why a verdict should not be set aside and a new trial granted, reserving exceptions, and afterwards files reasons upon which the motion for a new trial is rested, included in which are the reserved exceptions (and errors in the record, not pertinent here), and after hearing, the trial court discharges the rule, error could not thereafter be made a ground for review in an appellate court, as all reasons in support of the rule are, as an effect of the order discharging it, *res judicata.* And also held in *Margolies* v. *Goldberg,* 101 *Id.* 75, on appeal from judgments entered after defendant's rule to show cause had been discharged, the appellate court will not consider and decide any question which was assigned as ground for setting the verdict aside on the rule to show cause, such questions being *res judicata,* whether argued or not, and although not decided in terms on the rule to show cause. This is but a statement of a familiar rule with reference to judgment *res judicata,* and that is, that parties and those in privity with them are precluded, not only as to every matter offered to sustain or defeat a demand, but as to any other admissible matter which might have been offered for that purpose. *Paterson* v. *Baker,* 51 *N. J. Eq.* 49. This case has been repeatedly cited approvingly by the courts of this state, and is a leading authority. See the cases in this court of *In re Walsh's Estate,* 80 *Id.* 565; *McMichael* v. *Horay,* 90 *N. J. L.* 142, 144; *Margolies* v. *Goldberg,* 101 *Id.* 75, 77.

Again, this court in *Catterall* v. *Otis Elevator Co.,* 103 *N. J. L.* 381, held, that where a rule to show cause why a verdict should not be set aside is allowed, with exceptions reserved, and the party obtaining the rule specifies, as his reasons for asking that it be made absolute, the matters upon which the reserved exceptions are based, and upon the return

of the rule argues those matters, and the court afterwards considers and determines them, the exceptions are to be considered as having been abandoned with the approval of the court, and the right to have them reviewed by an appellate tribunal is lost; that a reason assigned for a new trial, that the verdict is contrary to the weight of the evidence, which reason was argued, considered and decided on the return of the rule, is necessarily embraced within the exceptions to the refusal to nonsuit and to direct a verdict on the ground that there was no evidence of defendant's negligence, and that contributory negligence of the plaintiff conclusively appeared, which were reserved in the rule, and, therefore, such exceptions cannot be considered on appeal.

There was, however, left open to the defendant-appellant the argument in this court of his ground of appeal concerning questions of evidence; but these were not argued, and, consequently, are considered to have been abandoned.

In *A. Makray, Inc.,* v. *McCullough,* 103 *N. J. L.* 346, which case, like this one, was submitted on briefs in lieu of oral argument, it was held that the rule is well settled, that in addition to specifying alleged errors complained of, the briefs should state reasons showing why the ruling was erroneous. In other words, the alleged errors must be argued. We said (at *p.* 347) that the brief for plaintiff-appellant (the only one filed there), argued only one of the grounds of appeal, namely, because the verdict was contrary to the weight of evidence, which was the only ground of appeal not arguable in this court; that the others would have been arguable here had they specified any grounds of error.

Defendant-appellant seeks to avoid the effect of the rule to show cause by contending that there was no evidence to go to the jury on the second trial upon certain issues submitted, and, therefore, they are not precluded from arguing that those issues should not have been sent to the jury because not within the pleadings; that the complaint alleges an express invitation, and it does not suggest an implied invitation.

The plaintiff-respondent answers this by saying that the ground was assigned for setting aside the verdict as being against the weight of evidence on the rule to show cause, and,

consequently, cannot be reviewed by an appellate court under reserved exceptions, citing the cases above referred to, and several others. And also says that each and every reason was argued, and, whether so or not, all the reasons in support of the rule are *res judicata*. See *McMichael* v. *Horay,* 90 *N. J. L.* 142.

It was stated in the opinion on the former trial of this case (*Cleaves* v. *Yeskel,* 102 *N. J. L.* 621) that it was open to the jury to ascertain from the facts whether such a settled practice had obtained from which it might reasonably be inferred that it was adopted by defendant's servant in pursuance of the orderly and expeditious transaction of the master's business, and with their implied assent by one whose duty of supervision and direction of the business of the yard might reasonably be held to comprehend such a course of action.

So here on the pleadings and evidence the Supreme Court held that an implied invitation could be inferred, and that was right.

This leaves, apparently, the only exceptions arguable here, numbers 9 and 10. Number 9 is, that the court erred in refusing to charge the request of the defendants, which is set out; and number 10, that the court erred in charging the jury in five certain respects set out. But this, upon reflection, is seen not to be arguable, as it is *res judicata,* made so on the decision of the rule to show cause, as one, of the reasons alleged for a new trial was, that the verdict of the jury was contrary to the charge of the court. This was argued and decided adversely to the defendants by the Supreme Court in its *per curiam* opinion on the rule.

It must be perfectly obvious that when the defendants urged upon the Supreme Court on the rule to show cause that the jury's verdict was against the charge of the court, they presupposed, and doubtless urged upon that tribunal that the charge was without legal error, and, therefore, should have been followed by the jury, and had it been, the verdict would have been different. This being so, it certainly cannot now be available to the defendants to say to this court on appeal that, although they represented to the trial court that the charge was faultless, nevertheless, a certain charge should

not have been made, and the charge as made contained errors, and that had the charge been different in those respects, the verdict should have been, and probably would have been, different.

But it may be that if defendant specifies in his reasons on the rule that the verdict was against certain portions of the charge as made, or requests refused, specifying them, instead of including the whole charge, as here, that he may thereafter argue on appeal that matters charged or the denial of matters not so specified, were erroneous.

*In re Walsh's Estate,* 80 *N. J. Eq.* 565, was an appeal from the Prerogative Court, which affirmed the decision of the Orphans Court, affirming the Prerogative Court, and this court said that it rested its conclusion upon the very satisfactory opinion of Judge Joline in the Orphans Court. In that opinion it is stated (at *p.* 569) : "The doctrine of *res judicata* has been clearly defined in this state, and it is the law 'that the judgment of a court of competent jurisdiction on a question of law or fact, or on a question of mixed law and fact, once litigated and determined, is, so long as it remains unreserved, conclusive upon the parties and their privies, not only as to the particular property involved in the suit in which it is pronounced, but as to all future litigation between the same parties or their privies, touching the subject-matter, though the property involved in the subsequent litigation is different from that which was involved in the first.' 'All that is required in cases where the prior and subsequent litigations involve different things, to render the judgment in the first conclusive upon the parties in the subsequent, is that there shall be a substantial identity in the subject-matter of the two, and that must always be the case, as is obvious where the judgment in the first rests on a decision of the same question substantially which is presented for decision by the subsequent.' *City of Paterson* v. *Baker,* 51 *N. J. Eq.* (6 *Dick.*) 57. All that is necessary is that the right to relief in the one suit shall rest upon the same point or question which, in essence and substance, was litigated and determined in the first suit, and in such a case the parties and those in privity with them are concluded, 'not only as

to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose.' *City of Paterson* v. *Baker,* 51 *Id.* (6 *Dick.*) 57; *Cromwell* v. *Sac County,* 94 *U. S.* 351, 352; 24 *L. ed.* 195.''

There is, of course, "a substantial identity" in the charge, having regard, though it has, to its validity on the one hand and its. alleged invalidity on the other. The defendants having alleged that the verdict was .against the charge could have alleged in the court below any other matter in respect to that charge which they desired to exploit on the rule, and are concluded by the decision thereon as to everything they could have urged. Doubtless, however, they could not there have argued that the charge was both right and wrong; neither can they do so between the court below and this court.

Here we have a change of position on appeal, and that is not permitted. A defendant on rule to show cause cannot say that the verdict was against the charge of the court, without affirming that the court was right and the jury wrong. Being defeated on the rule to show cause, he cannot afterwards say the court was wrong, and if, in the respects pointed out, the court had made a proper charge, or refrained from making an improper one, the verdict should and might have been different. In other words, defendant cannot take an inconsistent position between the trial court on rule to show cause and the appellate court on error or appeal.

In 3 *C. J.* 710, it is stated that where a party contends in the trial court that a particular section of the statute of limitations is applicable, he cannot on appeal shift his position and urge that a different section applied. And where an action on a note is tried on the theory that it is barred unless it is taken out of the operation of the statute by a new promise, plaintiff cannot claim on appeal that, as the note bore interest, it did not become due until actual demand.

A party may take alternate positions as to certain matters or things, but not inconsistent ones with reference to the very same identical matter or thing.

And in this state in *Fritz* v. *Sayre & Fisher Co.,* 77 *N. J. L.* 236, Chief Justice Gummere, speaking for the Supreme

Court, in considering defendant's rule to show cause on the question that the verdict was contrary to the judge's charge, said (at *p.* 237) that the soundness of a certain instruction as a legal proposition was not open for consideration, for the verdict could only be sustained on the assumption that it was a correct exposition of the law of the case, and that it was entirely settled that a verdict cannot be supported upon a theory of the law contrary to that on which the case was submitted to the jury. *Ergo,* a verdict cannot be disturbed on appeal where on rule to show cause the Supreme Court held that the verdict was in accordance with the charge; defendants, in their urging that the verdict was against the charge, having, in effect, at least, asserted to the court that the charge was legal and satisfactory. In other words, defendants cannot take inconsistent positions between the submission of a case to the Supreme Court on rule to show cause, and afterwards on appeal to the Court of Errors and Appeals. And the Supreme Court, in *Lewis* v. *Schlicting,* 6 *N. J. Mis. R.* 340 (at *p.* 341), said in its *per curiam* that a rule was allowed by the trial court, and one of the reasons assigned, argued and passed on was that the verdict was against the weight of the evidence, and that such being the case, it could not then be urged that there was no evidence to support the jury's finding. Equally, in this case, where on rule to show cause the trial court held that the verdict was not contrary to the charge, the defendants cannot now urge that the charge was incorrect in any particular; they elected, on the rule, to stand upon the theory that the charge was legally correct, and they certainly would not have been heard to say in the same breath that it was incorrect, and, if defeated, they reserved the right to argue on appeal that the charge was wrong, and, therefore, a new trial should be granted.

While at common law a defendant could not plead inconsistent defenses, yet under the statute of 4 *and* 5 *Anne, ch.* 16, it was provided that either party might plead, in answer to any pleading, such matters as he should think necessary, and this was adopted in this state as section 116 of the Practice act (*Comp. Stat., p.* 4088). *Shallcross* v. *West Jersey and Seashore Railroad Co.,* 75 *N. J. L.* 395; *Rossi* v. *Bene-*

*dict,* 98 *Id.* 81. But this extends only to pleading separate matters, and does not extend to taking inconsistent positions as to one and the same matter. A man cannot plead, for instance, that a bond is both good and bad. He cannot admit the deed and at the same time traverse the truth of its contents. *State Bank* v. *Chetwood,* 8 *Id.* 1. This case is cited with approval by the Supreme Court in *Sherwin* v. *Sternberg,* 77 *Id.* 117, where Mr. Justice Minturn said (at *p.* 118) that the status of the defendant was fixed by the agreement in evidence, and that she therefore was estopped from denying that she was benefited.

Upon the whole case we are of opinion that the judgment under review should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, JJ. 16.

*For reversal*—None.