FRANK ADAMUCCI AND JOHN ADAMUCCI, RESPONDENTS, v. PENNSYLVANIA-READING SEASHORE LINES, APPELLANT.

Argued October 2, 1935—Decided February 13, 1936.

Before Brogan, Chief Justice, and Justices Lloyd and Donges.

For the appellant, *French, Richards & Bradley.*

For the respondents, *Edwin G. Scovel.*

PER CURIAM.

The appeal in this case is from a judgment in favor of the plaintiff, and the grounds urged for reversal are that the denial of a rule for new trial was an abuse of discretion; that illegal evidence was admitted, and that there was error in the charge of the trial judge to the jury.

Taking up the last point first, the objection to the charge and the denial of certain requests were waived inasmuch as one of the reasons urged in the rule was that the verdict of the jury was contrary to the charge of the court, and this even though exceptions taken at the trial were reserved in the rule. *Cleaves* v. *Yeskel*, 104 *N. J. L.* 497; 141 *Atl. Rep.* 814.

We do not see our way clear to reverse the judgment on the ground that it was an abuse of discretion to dismiss the rule for new trial. This court will not substitute its own judgment for that of the trial judge to whom the law commits the right to pass upon an application for new trial, and it will not interfere with the discretion reposed in the trial judge except upon grounds which clearly demonstrate that such discretion has been so erroneously exercised as to be an abuse of the authority thus placed.

Our examination of the evidence fails to convince us that the standard exacted was not observed in the present case. The questions of fact which were urged on the rules were negligence and contributory negligence of the respective parties. The case arose out of a collision between a truck driven by one of the plaintiffs and a gas railway car of the defendant at a railway crossing. The plaintiff's proofs were that the duty of warning was not observed by those in charge of the railway car, and the proofs on behalf of the defendant, that it was. It was urged on the rules that the testimony on behalf of the plaintiff was untrustworthy and indefinite, and that that of the defendant was so overwhelming as to be conclusive, both of the absence of negligence in the operators of the railway car and of the negligence of the plaintiff. While it is true a large number of witnesses were called to testify to the sounding of warning by the operators of the

train other than that of the operators themselves, they were quite indefinite as to the time and character of such warning. On the whole case we are unable to agree that the learned trial judge was obliged in performance of his duty as a judge to grant the new trial on this ground.

The only remaining question worthy of note is the admission of a letter written by counsel for the plaintiff to a member of the bar representing counsel for the defendant. There had been furnished on demand a bill of particulars. Plaintiff's counsel, later deeming this inadequate, had written the letter in question amplifying the information contained in this bill as to the earnings of one of the plaintiffs. This letter was written on August 7th, 1934, and counsel for the plaintiff was tendering it, possibly as such amplification or possibly in response to a demand of defendant's counsel for the production at the trial of "books of account, letters, papers, writings, whatever in any wise relating to loss of wages, earnings, profits." If it was the latter, obviously the plaintiff was entitled to produce it and to offer it in evidence. *Decker* v. *George W. Smith & Co.*, 88 *N. J. L.* 630; 96 *Atl. Rep.* 915. We are inclined to think that it could have been produced in response to the call. It is certainly correspondence at least between representatives of the parties relating to the earnings of this plaintiff, and this being true, plaintiff's counsel was within his rights in offering it at the trial.

The judgment is affirmed.