CENTRAL FOOD STORES, A CORPORATION OF NEW JER-
SEY, PLAINTIFF-APPELLEE, v. DAVID BELOFF, AND
DAVID BELOFF, INCORPORATED, A CORPORATION OF
NEW JERSEY, DEFENDANTS-APPELLANTS.

Argued October 1, 1935—Decided August 27, 1936.

Before Justices TRENCHARD, HEHER and PERSKIE.

For the defendant-appellant, *David Beloff* and *Herman
D. Greenstone (Paul Rittenberg,* of counsel).

For the plaintiff-appellee, *Benjamin Osherov (Robert E.
Pollan,* of counsel).

PER CURIAM.

This case, tried before the District Court without a jury,
was one wherein the plaintiff, as assignee of the Center Stores,
Incorporated, sought to recover from the defendants the sum
of $400 deposited by the Center Stores, Incorporated, with
the K & T Realty Company, its landlord, as security for the
full and faithful performance of a lease on certain premises
subsequently conveyed by the K & T Realty Company to
David Beloff and by him conveyed to David Beloff,
Incorporated.

The District Court found from the testimony that the
defendant David Beloff had in fact received the sum of $400
from the K & T Realty Company and has assumed the pay-
ment of the same to the plaintiff the Central Food Stores.

We believe that the finding of the District Court was justi-
fied by the evidence; but that question, in the circumstances

of this case, is not before us for decision. The judgment entered by the District Court upon that finding was rendered July 24th, 1935, in favor of the plaintiff and against the defendant David Beloff, and it is from this judgment that David Beloff appeals. (See state of case, page 1.)

It further appears from the state of the case as settled by the trial judge that on July 25th, 1935, the defendant Beloff applied for and obtained a rule to show cause why a new trial should not be granted upon the grounds, among others, (1) "that said verdict was contrary to the weight of the evidence;" and (2) "that the said plaintiff has failed to establish a cause of action against the defendant." That rule was heard and was discharged. The defendant seems to contend that the rule was not discharged; but that contention is contrary to the fact. The state of the case shows (page 13) that the judge "on this 31st day of July, 1935, ordered that the rule to show cause entered herein on the 26th day of July, 1935, be discharged; and it is further ordered that the restraint therein contained be lifted."

Now it will be noted that the defendant stated in his rule to show cause as reasons, that the verdict was contrary to the weight of the evidence and that the plaintiff has failed to establish a cause of action against the defendant.

Upon examination we find that the specifications of determination as grounds of *appeal* are substantially the reasons stated and argued at the hearing of the rule to show cause before the trial court. This, therefore, precludes the defendant from now arguing on appeal any ground embraced in these reasons. Such specifications are *res adjudicata* and cannot be made the basis of appeal. *Cleaves* v. *Yeskel,* 104 *N. J. L.* 497; 141 *Atl. Rep.* 814.

In such situation the appeal must be dismissed, with costs, and such will be the order.