ELEANOR SHOSTOK, BY HER NEXT FRIEND, JOHN SHOSTOK, AND JOHN SHOSTOK AND MARY SHOSTOK, INDIVIDUALLY, PLAINTIFFS-APPELLEES, v. BAYONNE BUILDING ASSOCIATION NO. 2, A CORPORATION OF NEW JERSEY, DEFENDANT-APPELLANT.

Submitted May term, 1937—Decided July 23, 1937.

Before BROGAN, CHIEF JUSTICE, and Justices TRENCHARD and PARKER.

For the plaintiffs-appellees, *Alfred Brenner.*

For the defendant-appellant, *Andrew J. Markey.*

BROGAN, CHIEF JUSTICE. A judgment was had in the Hudson County Court of Common Pleas comprising compensation for personal injuries to an infant and resulting damages to her parents. After judgment, the defendant obtained and argued a rule to show cause why the verdict should not be set aside on the ground that the same was excessive and was against the weight of the evidence.

The grounds argued by appellant for a reversal by this court, while in form they do not directly challenge any judicial ruling, yet by indirection they comprehend and are addressed to the refusal of the trial court to grant defendant's motion for nonsuit or to direct a verdict for the defendant, or both.

The action of the trial court, discharging the rule to show cause, wherein the reason that the verdict was against the weight of the evidence was included, renders the action of the trial court, in rejecting motion to nonsuit or direct verdict, unavailable to defendant on appeal.

Where a defendant, on rule to show cause, sets down as a reason for granting the rule that the verdict was contrary to the weight of the evidence and, none the less, the rule is discharged, that question is *res judicata.* A reason assigned that the verdict is contrary to the weight of the evidence is necessarily embraced within exception to the refusal to nonsuit or direct a.verdict. *Cleaves* v. *Yeskel,* 104 *N. J. L.* 497; 141 *Atl. Rep.* 814.

It follows that there is nothing before us to review.

The judgment is affirmed, with costs.