MARY T. STEPHANS, PLAINTIFF-RESPONDENT, v. HARRISON-KEARNY TRUST COMPANY, A CORPORATION OF NEW JERSEY, DEFENDANT-APPELLANT.

Submitted February 17, 1939—Decided April 21, 1939.

For the plaintiff-respondent, *Mortimer Eisner*.

For the defendant-appellant, *Edward R. McGlynn*.

The opinion of the court was delivered by

HAGUE, J. This is defendant's appeal from a judgment entered in the Supreme Court, tried at the Hudson Circuit, on a jury's verdict in favor of the plaintiff in the sum of $2,500. After the trial, defendant obtained a rule to show cause why the verdict should not be set aside on the ground that it was against the weight of the evidence. The rule reserved all exceptions taken by defendant.

The facts are as follows:

The plaintiff, Mary T. Stephans, had borrowed money from the appellant bank on demand notes, depositing various stocks and bonds as collateral security. A declining market wiped out her margin of equity and the bank insisted on the loan being liquidated. She made attempts to refinance the loan elsewhere in order to pay the defendant bank and, meeting with no success, the bank finally sold the bulk of the securities, applied the proceeds in liquidation of the indebtedness and tendered the cash balance and what remained of the securities to the plaintiff, which she refused to accept.

Prior to this it appeared that in 1932 the bank had, without notice, sold some of her holdings of stock in the American Telephone and Telegraph Co. She objected to that and was told by the vice-president, Mr. Reardon, that the sale was made for her benefit, the stated intention being to repurchase the stock at a lower price. The result of her objection was that the said vice-president promised her that he would sell no more of her securities without first notifying her. Some correspondence was exchanged between the parties during the three ensuing years and no sale of plaintiff's securities was made. But, beginning in October and ending in December, 1935, sales were made and the account liquidated, as stated above.

The rule to show cause why the verdict should not be set aside as against the weight of the evidence was argued and later discharged.

The filed grounds of appeal are (a) that the court erred in refusing a judgment of nonsuit, and (b) that the court likewise erred in rejecting a motion to direct a verdict for defendant.

These grounds of appeal are not available to the appellant. When the appellant argued its rule that the jury's verdict was contrary to the weight of the evidence there was implicit in that position an acquiescence that there was evidence to go to the jury on that fact issue, and these points are therefore concluded.

In *Overend* v. *Kiernan,* 105 *N. J. L.* 112, the opinion of this court reads: "When a defendant applies for a new trial upon the ground that the verdict is against the weight of the evidence, this contention is necessarily embraced within exceptions to the refusal to nonsuit and to direct a verdict on the ground that there was no evidence to support a finding in favor of the plaintiff; and, so, when this contention is argued and is determined against him on the return of the rule to show cause, he will be considered as having abandoned the reserved exceptions, with the approval of the court before which the rule is argued and decided, and his right to have them considered by an appellate tribunal is lost." To like effect in principle see *Catterel* v. *Otis Elevator Co.,* 103 *Id.*

381; 135 *Atl. Rep.* 365; *Cleaves* v. *Yeskel,* 104 *N. J. L.* 497; 141 *Atl. Rep.* 814, and many others the last of which is *Cleary* v. *Camden,* 119 *N. J. L.* 387.

The judgment will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 15.

*For reversal*—None.