BERGEN COUNTY CIRCUIT COURT.

JAMES McALPINE, PLAINTIFF, v. CITY OF GARFIELD, BERGEN COUNTY, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT.

Decided November 5, 1947.

For the plaintiff, *Richard J. Baker* and *Warren Dixon, Jr.*

For the defendant, *Chandless, Weller, Kramer & Frank.*

LEYDEN, C. C. J.   James McAlpine sues for the compensation he would have received had he not been illegally dismissed from his employment as water plant superintendent of the City of Garfield.   The answer consists of denials *seriatim* of the allegations of the complaint and separate defenses, variously stated, to the effect that the plaintiff was never lawfully appointed to or held any office, position · or employment in the service of the City of Garfield.   The denials are attacked as sham and the defenses as insufficient in law.   The matters raised by these defenses are put in issue by the denial of the allegations of employment contained in the complaint.   The separate defenses are merely reiterations of the denials.   They do not raise any affirmative defensive matter not arising on the face of the complaint which would be likely to cause surprise on the trial if not pleaded. They are unnecessary and improper and will be stricken as insufficient in law.   Save for the question of whether the plaintiff ever held any office, position or employment in the service of the city, the facts are not in dispute.

The plaintiff was an employee of the city in connection with the operation of the water plant and distribution system owned by it on August 23d, 1921, when the city adopted an ordinance establishing the Board of Water Works Commissioners and defining their duties and compensation.   This ordinance placed the supervision of the water plant and the

employment of such help as may be needed to its efficient operation and maintenance in the board thereby created. The plaintiff has worked for the city in and about the operation and maintenance of its water plant from that time, or prior thereto, until January 1st, 1945, when he was dismissed as the superintendent of the water plant. There is no denial that the plaintiff so worked and that he was paid compensation by the city for his labors during that period of time.

As a result of an investigation by two members of the Garfield Water Commission, a successor agency, the plaintiff was suspended from his duties as water plant superintendent on September 16th, 1944. He was served with formal charges alleging that he failed to discharge his responsibilities and was given a notice of hearing of such charges, which hearing was held on November 2d, 1944, and continued from time to time until December 13th, 1944, when the Commission found him guilty of sixteen of the twenty specifications and dismissed him from his employment. The Water Commission, an agency of the City of Garfield, in taking the course which it did, recognized the plaintiff as the water plant superintendent and further recognized that he had tenure of employment by virtue of *R. S.* 58:11–18.7; *N. J. S. A.* 58:11–18.7.

The plaintiff, by *certiorari,* reviewed the resolution of the Commission dismissing him and his discharge was upheld in the Supreme Court; see *McAlpine* v. *Garfield Water Commission,* 134 *N. J. L.* 432; 48 *Atl. Rep.* (2d) 783. In that proceeding it was stipulated by the attorneys for the parties that McAlpine "was employed by the Water Plant Commission of the City of Garfield as Water Plant Superintendent in 1924, having previously served the City of Garfield from 1914 to 1924 as operator and foreman in the Water Department, and enjoys tenure of office by virtue of *Pamph. L.* 1941, *ch.* 234, *p.* 654 (*R. S.* 1937, *Title* 58:11–18.7; *N. J. S. A.* 58:11–18.7)." The Supreme Court in its opinion, undoubtedly as a result of this stipulation, took the view that the plaintiff occupied the office of water plant superintendent and had tenure. If, as is now contended, the plaintiff never held any office, position or employment in the service of the

City of Garfield, that defense could and should have been raised in the hearing of the writ.

The judgment of the Supreme Court dismissing the writ was reversed by the Court of Errors and Appeals upon the ground that the plaintiff was not accorded a fair and impartial hearing. See *McAlpine* v. *Garfield Water Commission*, 135 *N. J. L.* 497; 52 *Atl. Rep.* (*2d*) 759. It is safe to say that again the court assumed that the plaintiff held either an office or a position in the service of the city. In any event, the illegality of his dismissal was judicially determined. Thus is brought into play the statute, *R. S.* 40:46–34; *N. J. S. A.* 40:46–34, providing that whenever a municipal officer or employee has been illegally dismissed from his office or employment, and such dismissal has been judicially declared illegal, he shall be entitled to recover the salary of his office or employment for the period covered by the illegal dismissal. It is upon this statute that the plaintiff has drawn his complaint.

Will the City of Garfield now be heard to say that the plaintiff was never legally the holder of any office, position or employment in its service? I think not. The city is estopped by its conduct and stipulation from setting up that defense at this stage of the controversy. The doctrine of estoppel is nicely set forth by Mr. Justice Heher in *New Jersey Suburban Water Co.* v. *Harrison*, 122 *N. J. L.* 189 (at *p.* 194); 3 *Atl. Rep.* (*2d*) 623 (at *p.* 626), as follows: "In modern usage, equitable estoppel and estoppel *in pais* are convertible terms, embracing also *quasi*-estoppel. They embody the doctrine, grounded in equity and justice, that one shall not be permitted to repudiate an act done or position assumed where that course would work injustice to another who, having the right to do so, has relied thereon. An estoppel arises 'where a man is concluded and forbidden by law to speak against his own act or deed; yea, even though it is to say the truth.' *Termes de la Ley, tit. 'Estoppel,'* cited in *Demarest* v. *Hopper*, 22 *N. J. L.* 599, 619. It is operative where a person 'has done some act which the policy of the law will not permit him to gainsay or deny.' 1 *Greenl. Evid.* (*16th ed.*) *ch. VI,*

¶ 22. See, also, *Blk. Com.* 308. While the creature of equity, and governed by equitable principles, it is a doctrine enforceable in courts of common law jurisdiction. *LaRosa* v. *Nichols,* 92 *N. J. L.* 375; 105 *Atl. Rep.* (2d) 201; *Central Railroad Co.* v. *MacCartney,* 68 *N. J. L.* 165; 52 *Atl. Rep.* 575. It is of the essence of equitable estoppel that one is precluded from taking a position inconsistent with that previously assumed and intended to influence the conduct of another, if such repudiation 'would not be responsive to the demands of justice and good conscience,' in that it would effect an unjust result as regards the latter. *Rothschild* v. *Tille Guarantee and Trust Co.,* 204 *N. Y.* 458; 97 *N. E. Rep.* 879; 41 *L. R. A.* (*N. S.*) 740." In *Sherwin* v. *Sternberg,* 77 *N. J. L.* 117; 71 *Atl. Rep.* 117, a defendant was estopped by the terms of her agreement from asserting a contrary position at the trial, and in *Cleaves* v. *Yeskel,* 104 *N. J. L.* 497 (at *p.* 504); 141 *Atl. Rep.* 814 (at *p.* 817), it is said: "A party may take alternate positions as to certain matters or things, but not inconsistent ones with reference to the very same identical matter or thing." The rule thus to be applied is one of procedure rather than strict estoppel. It is a *quasi* or judicial estoppel based on justice and fair play. Reliance and injury, therefore, are not necessarily essential to its application. It may be invoked in a subsequent judicial proceeding where, as here, the parties and the questions are the same. The employment of McAlpine by the agency of the city was necessarily adjudged, and was the basis of the decision of the Court of Errors and Appeals that he did not receive a fair and impartial hearing on his dismissal. The same question of employment is sought to be raised again here.

The city is estopped for another reason. The status of McAlpine as an employee is *res judicata.* The second phase of that doctrine, namely, where the second cause of action is founded on a different claim or demand is brought forth. See *City of Paterson* v. *Baker,* 51 *N. J. Eq.* 49; 26 *Atl. Rep.* 324. The prior judgment is conclusive only as to such matters as were actually litigated and necessarily determined. *Cf. Credit Adjustors and Collectors, Inc.,* v. *Bergen-Essex Construction*

*Co.,* 127 *N. J. L.* 547; 23 *Atl. Rep.* (2*d*) 779, and *Nuzzi* v. *United States Casualty Co.,* 121 *N. J. L.* 249; 1 *Atl. Rep.* (2*d*) 890.

In distributing water to its inhabitants for a price the City of Garfield is exercising a private or proprietary function and is governed by the same rules as apply to private corporations. *Fay* v. *Trenton,* 126 *N. J. L.* 52; 18 *Atl. Rep.* (2*d*) 66.

The defendant now seeks to take a position inconsistent with and contrary to its stand before the Supreme Court and the Court of Errors and Appeals on the matter of the employment of the plaintiff, and this it will not be permitted to do "yea, even though it is to say the truth." The denials in the answer are sham. They will be stricken.