JEROME LAMBERT *v.* DOLLIE PETERS *et al.*

(No. 8778)

Submitted October 25, 1938. Decided December 6, 1938.

742

*Daugherty & Daugherty,* for appellants.

*D. E. Wilkinson,* for appellee.

Fox, Judge:

Jerome Lambert instituted his suit in equity against Dollie Peters and others, in the circuit court of Lincoln County, to partition a tract of 150 acres of land. The land in question was held not to be susceptible of partition in kind, and was sold to the plaintiff. From a decree confirming said sale and distributing the proceeds thereof, and ignoring certain claims to portions of said land, and failing to partition the same in kind, Dollie Peters and others appeal.

B. D. Toney and Catherine Toney, his wife, were the joint owners of a tract of 150 acres of land situated in Lincoln County. Catherine Toney died intestate, leaving surviving her three children, P. M. Toney, J. M. Toney and Dollie Toney, who is made a party to this suit as Dollie Peters, and Ora Toney, widow, Hazel Toney Sanders, W. B. Toney, Buster Toney, Jim Toney, Beatrice Toney and Grady Toney, children of K. E. Toney, a son of the said Catherine Toney, who had preceded her in

death. After the death of Catherine Toney, P. M. Toney and J. M. Toney conveyed their interests in the said tract of land to their father, B. D. Toney, making him the owner of his own half of said land and one-half of the Catherine Toney interest, or three-fourths of the entire tract, independently of any dower interest. After the death of B. D. Toney, a suit to settle his estate was instituted in the circuit court of Lincoln County, and the interest of the said B. D. Toney in the said 150 acres was sold to Jerome Lambert, the plaintiff herein, and the same conveyed to him by D. E. Wilkinson, special commissioner, on October 4, 1935; it is under this deed that the plaintiff in his bill claimed title to an undivided seven-eighths interest in the said 150 acres, not then recognizing the interest of the heirs of K. E. Toney therein.

It appears that while B. D. Toney was the owner of said land, or at least three-fourths interest therein, he conveyed 15 acres thereof to Jake B. Toney, who is the same person as W. B. Toney, a defendant in this cause, by deed dated October 7, 1930, which 15 acres was later conveyed to Lottie Toney, the wife of the said Jake B. Toney; on the same day, the said B. D. Toney purportedly conveyed 25 acres of surface to Lottie Toney by deed which is recorded in Logan County, but this deed is alleged to be a forgery, and, so far as we can see from the record, no party in interest makes any claim thereunder. On July 8, 1931, B. D. Toney conveyed 25 acres of the said 150 acres to Hazel Toney, who is made a party to this suit as Hazel Toney Sanders, and who afterwards conveyed the same to Dollie Peters, one of the defendants herein. In the separate answer to the bill filed by Dollie Peters August 4, 1936, and the joint answer of the K. E. Toney heirs, filed August 12, 1937, it is alleged that Lottie Toney, to whom the 15 acres were conveyed by her husband, was a necessary party to the suit; and that her interest in said land should be recognized. Dollie Peters, the alleged owner of the 25 acres orginally conveyed to Hazel Toney Sanders, asserts her right to have said tract

of land assigned to her in addition to the interest which descended to her as an heir at law of Catherine Toney, deceased. To combat this claim, plaintiff's counsel, in his brief, states that the said conveyances of the 15 acres and 25 acres were for some reason invalid, and the plaintiff, Jerome Lambert, acquired title to all of the said 150 acres regardless of said deeds, except the interest therein accruing to Dollie Peters and the heirs of K. E. Toney by descent from Catherine Toney. However, the record, which is all that we can consider on this appeal, does not disclose such a situation and, as shown thereby, there are two deeds, one for the 15 acres and the other for the 25 acres, executed and recorded long before the deed under which plaintiff claims, and the failure to recognize the interests of Dollie Peters and Lottie Toney acquired thereunder is not explained by anything in said record.

In the decree providing for the partition of the 150 acres, entered on November 23, 1936, the claim of Dollie Peters as to the 25 acres, as well as the conveyances which on their face vest title to 15 acres in Lottie Toney, are ignored, and the plaintiff was decreed to be the owner of an undivided seven-eighths interest in the entire tract of 150 acres, and Dollie Peters the owner of the other undivided one-eighth thereof, and commissioners were appointed to go upon the tract and make partition of the same, with provision that if partition in kind could not be made, the fact should be reported to the court. The commissioners went upon the land and reported to the court that it was not susceptible of partition, giving various reasons therefor. The report was excepted to and an affidavit filed to the effect that not all of the commissioners went upon the land, but the showing made was held not to be sufficient to override the report. A decree was entered March 29, 1937, on said report, providing for the sale of the entire 150 acres and a sale thereof was made for the sum of $5,000.00 which was confirmed by the court on August 12, 1937. On the same day the widow and heirs at law of K. E. Toney filed their answer in the cause, and thereafter, on the 25th

day of August, 1937, a decree of distribution was entered recognizing, in addition to Dollie Peters' one-eighth interest, the claim of K. E. Toney's heirs to an undivided one-eighth interest in the proceeds of the sale of the entire 150 acres, and providing for the payment to them of their proportionate share therein, but at no time was the claim of Dollie Peters to the 25 acres or the recorded conveyance to Lottie Toney recognized. Complaint is made on the part of Dollie Peters, both as to failure to partition this property in kind, and the action of the court in ignoring her claim to the 25 acres for which she held a deed; and on the part of K. E. Toney's heirs, because of the failure to re-examine the question of whether or not the property could be partitioned in kind after the recognition of their right to an interest therein.

As the case stands, the decree of the circuit court will have to be reversed. Whatever the facts may be, the record fails to show that the plaintiff, Jerome Lambert, obtained more than an undivided three-fourths interest in the 150 acres of land, subject to the conveyances of 15 acres and 25 acres made to Jake B. Toney and Hazel Toney, respectively, being the two tracts of land, title to which is apparently vested in Lottie Toney and Dollie Peters. If, as a matter of fact, these deeds were set aside in the suit instituted to settle the estate of B. D. Toney, and the plaintiff herein obtained title to a three-fourths interest in said tract of land, free of the said conveyances, that fact is not developed by the record before us. We think, too, that the question of whether or not partition of said land in kind was practicable should have been re-examined, in view of the recognition in the final decree of the interest of the K. E. Toney heirs therein; then, too, the failure to make Lottie Toney a party to the suit was a fatal error. It is true that she makes no claim herein, but she was not called upon to do so, not being a party to the suit. When her apparent interest appeared from the answers filed, the court should have required the plaintiff to amend his bill and make her a party, to the end that all persons entitled to an interest

in said land should be before the court. All of these matters may be considered and the true situation developed on further hearing in the court below, and the cause is therefore remanded to the circuit court for such further action as parties may be advised to take.

*Reversed and remanded.*