# CHARLESTON.

## BROWN *v.* BROWN.

### Decided March 15, 1910.

1. PARTITION—WHO MAY MAINTAIN—*Action by Remaindermen.*
    One of several remaindermen in land after a life estate cannot have partition during the continuance of the life estate, even though he has acquired that life estate, unless he waives that life estate.

2. PARTITION BY REMAINDERMEN.
    *Otley* v. *M'Alpine,* 2 Grat. 340, disapproved.

Appeal from Circuit Court, Monongalia County.

Bill by John M. G. Brown against Robert L. Brown and others. Decree for defendants. Plaintiff appeals.

*Affirmed.*

*Moreland, Moreland & Guy* and *Cox & Baker,* for appellant.

*Donley & Hatfield,* for appellee Brown.

BRANNON, JUDGE:

John J. Brown died in August, 1905, having made a will by which he devised real estate in the city of Morgantown to his wife, Mary Ellen Brown, during her life, with remainder to his children, John M. G. Brown, Robert L. Brown, Margaret A. Stoetzer, and three infant grandchildren, children of a dead son, Zalmon Kent Brown. The widow conveyed her life estate to one of said devisees, John M. G. Brown, and he brought a suit in the circuit court of Monongalia county to compel a partition of the land among those entitled. The court dismissed the bill and John M. G. Brown appeals.

Has John M. G. Brown right to enforce partition? He owns an undivided fourth in remainder subject to the life estate under the will, and he owns that life estate. He cannot maintain a suit for partition by virtue of his remainder. Nor can he have partition unless entitled to immediate possession. A remainderman is not so entitled. This Court has decided that a reversioner or remainderman cannot compel partition during the continuance

of a particular estate. *Merrit* v. *Hughes,* 36 W. Va. 356; *Croston* v. *Male,* 56 *Id.* 205. That is abundantly established by the authorities there given. If any further authorities were needed a pile of them will be found in 113 Amer. St. R. 55. But the plaintiff has the life estate of his mother in addition to his undivided fourth in remainder as devisee. Does that life estate give him any additional right that he can add to his estate in remainder? Surely not, because a life tenant cannot compel a partition among remaindermen. A life tenant has not a particle of interest in estates in remainder, not a co-tenant with remaindermen, and nobody can have partition unless he have title to the thing to be partitioned. 21 Am. & Eng. Ency. L. 1146. A life tenant owning with one or more others a life estate can have that estate divided between himself and co-owners of the life estate; but what colorable right has he to demand a partition among the remaindermen? He already has possession and right to enjoy the estate during his life, and could get no more by partition. It is well settled on authority and the nature of things that a tenant for life has no power to maintain suit for partition against remaindermen entitled in fee subject to the life estate. The well considered case of *Seiders* v. *Giles,* 141 Pa. St. 93; 30 Cyc. 181; 30 Cyc. 200. We find in 21 Am. & Eng. Ency. L. 1155, this: Where a married woman dies seized with an *undivided* interest in land leaving her husband entitled to curtesy, he becomes a life tenant of an undivided moiety, and may maintain partition against his wife's co-tenant. "Where, however, the wife was seized of the *entire* tract, the tenant by the curtesy becomes a life tenant of the entire tract, and hence is not a co-tenant with the remaindermen, and has no such estate as will support partition". Also p. 1153. Freeman on Partition, section 455, says, that "A tenant for life or for years could, both at law and in equity, compel partition." (Of course, he means between himself and co-tenant of the mere life estate). "He could not compel the reversioner to join with him; nor could he occasion a compulsory partition which would be binding after the termination of his estate". The plaintiff in this case neither upon his title as remainderman nor on his title as owner of the life estate could compel partition. His mother could not compel partition on the strength of her life estate, and her conveyance to the plaintiff of her life estate added

nothing to his estate to enable him to compel partition. We acknowledge that the case of *Otley* v. *M'Alpine,* 2 Grat. 340, seems to be the other way as it allowed a tenant by the curtesy who acquired an undivided interest in the remainder to enforce partition. If that case is reported properly, it is against all authority and reason. The Court does not give any reason for the holding, or cite a particle of authority, and the opinion is wholly a short and unsatisfactory one. A life tenant cannot have partition unless he waives his life estate, and thus gets it out of the way, destroys it, and lets the remaindermen at once come in. Had the plaintiff done this, he could as remainderman have sustained his case, but he did not do so. When he does that he removes the particular estate out of the way of the remainder. The case of *Bice* v. *Nixon,* 34 W. Va. 107, makes that waiver a condition precedent to enable a life tenant to have partition. The case thus decides that a life tenant cannot otherwise have partition. The remaindermen could not ask partition pending the life estate. That is settled and can the life tenant demand it against the remainder? The right ought to be mutual.

For these reasons we affirm the decree.

*Affirmed.*