The bill in this case was filed for the purpose of partitioning a certain farm in the township of Knowlton, Warren county, New Jersey, of which David C. Brands died seized, intestate, leaving him surviving a widow, two daughters and one son all of whom are the parties in this suit.
The answer and counter-claim set up an oral contract between the parties alleging that thereunder, partition cannot be had at this time. Defendant also prays for an accounting of the income of the farm and of all personal property removed from the farm by the complainant.
At the hearing the only question presented was whether a certain oral contract alleged to have been made between the heirs and widow would prevent a partition of the premises. The matter of accounting was held over until the determination of the partition. The evidence disclosed that after the death of the father several conferences were held between the widow and children. The defendants claim the complainant agreed with the widow and other children that they all should continue to operate the farm for the use and benefit of the widow during the rest of her life. They say this was done from 1924, when Mr. Brands died, until 1929. In 1929 or 1930 the complainant and the son erected a gas station in Pennsylvania and the son operated the gas station. The complainant then continued to operate the farm. The son claims that he assisted in the operation. Some family dispute arose in the summer of 1936 and the complainant left the premises taking with her certain articles which she claimed as her own property. Complainant says that while they did continue to operate the farm and furnish a living for the widow all of the proceeds were never turned over to the widow and there was no agreement that the widow should receive the net income from the farm during the balance of her life. *Page 419 
The bill of complaint admitted an oral agreement between the parties. An amended bill was filed, however, denying the agreement. It is the contention of the solicitor of the defendants that the court should not have allowed complainant to amend his bill. This is a matter entirely within the discretion of the court and in order to do equity in this case the court saw proper to allow the amendment.
The next point made by solicitor of the defendants is that the oral agreement, if one existed, binds the parties in such a manner that partition cannot be had until the death of the widow. Assuming there was an oral agreement between the parties to the effect that the widow should receive the rents, issues and profits during the balance of her life such an agreement would not bind the complainant or the parties defendant. Rents, issues and profits are an interest in real estate and, therefore, are effected by the statute of frauds. Brown v. Brown, 33 N.J. Eq. 650.
Complainant contends the case of Spinning v. Spinning,43 N.J. Eq. 215, holds that a widow's quarantine is not a freehold estate in land. This contention is erroneous. TheSpinning Case holds that a widow's quarantine is at least an estate in the land. Solicitor of defendants further contends that if it be true the agreement is within the statute of frauds such fact must be specially pleaded and a denial will not permit complainant to take advantage of the statute. There is no merit in this contention. It is not necessary in a court of equity to plead the statute of frauds specially, and it was so held inHarrop v. Cole, 85 N.J. Eq. 32; affirmed by the court of errors and appeals, 86 N.J. Eq. 250; Lozier v. Hill, 68 N.J. Eq. 300,305, and also in the case of Douma v. Powers,92 N.J. Eq. 25.
I have reached the conclusion there was no binding contract between the parties and, therefore, the bill for partition of the premises described in the bill of complaint will lie. I will, therefore, refer this matter to a special master of this court to determine whether the premises should be sold as a whole or actually partitioned, to determine the interests of the various parties, and also to hear testimony and report relative to the accounting prayed for by the defendants. Complainant may prepare an order in accordance with these views. *Page 420