COMMODORE PERRY STALNAKER, JR.

*v.*

VIRGINIA STALNAKER

(No. 10564)

Submitted January 26, 1954.    Decided March 30, 1954.

*Joseph J. Madden,* for appellant.

*Robert E. Maxwell,* for appellee.

Lovins, Judge:

This suit instituted in the Circuit Court of Randolph County, West Virginia, by Commodore Perry Stalnaker, Jr., hereinafter designated as plaintiff, against Virginia Stalnaker, herein referred to as defendant, is for the purpose of partitioning certain real estate located in that county.

The record is somewhat meager. By a stipulation, counsel for the plaintiff and the defendant designated the following to be included in the transcript of the record by the Clerk of the Circuit Court of Randolph County: bill of complaint; plea in bar of the defendant; the decrees of March 21, 1952, July 18, 1952, August 28, 1952; decrees of August 29, 1952 and December 29, 1952; bill in the nature of a bill of review filed by plaintiff; answer of defendant; exhibit deed and replication of plaintiff.

From the record printed in accordance with such designation, it is shown in the plaintiff's bill of complaint that his father was seized and possessed of Lots Numbered 43 and 44 of Block 2, in the town of Coalton, Roaring Creek District, Randolph County, West Virginia; that his father died intestate, leaving his widow, Agnes Stalnaker, and as his heirs at law, Michael Stalnaker, Mary Lantz, Elizabeth Stalnaker, Virginia Stalnaker, Gertrude Miles and the plaintiff. The bill of complaint further alleges that the widow, Agnes Stalnaker, is deceased, leaving the other named persons as her sole heirs at law.

The heirs of Commodore Perry Stalnaker, on the 15th day of February, 1950, conveyed the real estate above mentioned to Virginia Stalnaker, single, by deed bearing date the 15th day of February, 1950. Virginia Stalnaker, by deed bearing date the 6th day of June, 1951, conveyed a one-half undivided interest in the real estate to plaintiff.

The real estate consists of two lots above mentioned, on which is situate a house and other improvements, and according to the allegations in the bill of complaint, is

not susceptible of partition "among the parties hereto", and it is therefore alleged in the bill of complaint that the real estate should be sold and the proceeds divided among the parties according to their respective rights. The bill of complaint avers that the interest of the persons entitled to the real estate will be promoted by a sale thereof.

Plaintiff alleged that he is the owner of a one-half undivided interest in such real estate, and prays that the Court find that the real estate is not susceptible of partition and that the same be sold and the proceeds divided among the parties according to their respective interest.

The defendant filed a paper called a plea in bar in which she states that she does not own a one-half undivided interest in the real estate, and that on the 20th day of August, 1951, she had sold all of her interest in the real estate to Elizabeth T. Stalnaker and had conveyed the same to her by deed bearing that date, executed and delivered on the 21st day of August, 1951. By a decree made March 21, 1952, the Circuit Court of Randolph County sustained the "plea in bar", gave plaintiff leave to make Elizabeth T. Stalnaker a party to the suit and remanded the cause to rules for that purpose.

Some question, not shown by the record, seems to have been raised as to the right of plaintiff to amend his bill of complaint, and on motion of defendant, the ruling of the court was certified to this Court. This Court, on or about the 25th day of June, 1952, refused to docket the question so raised. The plaintiff then filed a pleading entitled "bill in the nature of a bill of review", in which the proceedings hereinabove stated, were restated, and which alleged that the former decree of the trial court was erroneous for the reason that the plaintiff in this suit was only required to look to the records in the office of the Clerk of the County Court of Randolph County, to determine the proper owners of record of the real estate which is the subject of this suit.

It is further alleged in the last mentioned bill, that the defendant failed to show by evidence the execution, de-

livery and recordation of the deed to Elizabeth T. Stalnaker. Plaintiff prayed that the decree entered on March 21, 1952, be reviewed and set aside, and that the Court decree that Elizabeth T. Stalnaker is not a necessary party.

The trial court, by a decree entered on the 14th day of July, 1952, permitted the filing of a "bill in the nature of a bill of review", granted the defendant leave to file an answer to the bill in the nature of a bill of review and set the cause for hearing for August 28, 1952.

The answer of defendant alleges that Commodore Perry Stalnaker, deceased, left surviving his widow, Agnes Stalnaker and the following children as heirs at law: Joseph Stalnaker, Henry Stalnaker, Frances Stalnaker, Eugene Stalnaker, Michael Stalnaker, Mary Lantz, Gertrude Miles, Elizabeth Stalnaker, the plaintiff herein and the defendant. A comparison discloses that the allegation of plaintiff's original bill of complaint, as to the number and names of heirs of Commodore Perry Stalnaker, deceased, is at variance, in that particular, with the answer filed by the defendant; Joseph Stalnaker, Henry Stalnaker, Frances Stalnaker, Eugene Stalnaker being omitted from the allegations of plaintiff's original bill.

Defendant alleges that nine of the children and heirs at law, including the plaintiff, conveyed the two lots in question to her and in trust for the heirs of Commodore Perry Stalnaker, deceased, except Elizabeth T. Stalnaker; that it was agreed by all of the said children and heirs, including plaintiff, that the title in said real estate should vest in said defendant, so long as she remains single, and that upon her marriage, the title in said real estate was to vest in equal shares in nine of the heirs at law of Commodore Perry Stalnaker, deceased.

It would seem that Elizabeth T. Stalnaker was omitted from the reversionary provisions of the agreement. The defendant avers that the plaintiff herein entered into such agreement, that he knew at the time the deed was exe-

cuted to the defendant, that she was a trustee for the heirs of Commodore Perry Stalnaker, excluding Elizabeth T. Stalnaker. Defendant further alleges that counsel for the plaintiff in the instant suit had full and complete knowledge of the verbal trust agreement.

Defendant alleges in her answer, that the plaintiff, notwithstanding the above arrangement set forth, has harassed, coerced and, in fact, forced her to convey to such plaintiff an interest in such real estate, and that the defendant signed and acknowledged the deed without knowing the extent of the interest in said real estate, which the deed executed by her to the plaintiff purported to convey. Defendant also alleges that she had no power to make a valid conveyance to the plaintiff of any interest in the two lots in excess of a one-ninth interest, and that she only intended to convey such interest to the plaintiff, and therefore, she does not own a one-half undivided interest in said real estate.

She further answers that she and five of the heirs at law of Commodore Perry Stalnaker, deceased, executed and delivered to Elizabeth T. Stalnaker, a deed bearing date August 20, 1951, that it was signed and acknowledged by some of the grantors in such deed on August 21, 1951, and by the other grantors on August 22, 1951; that such deed was dated, signed, acknowledged and delivered prior to the institution of this suit. But whether such deed has been recorded, defendant is not advised.

It is alleged that the plaintiff knew of the conveyance made by defendant. Such deed is filed as an exhibit and contains in the caption thereon the names of all of the heirs of Commodore Perry Stalnaker and their spouses. Nine of such heirs and the spouses of those who are married are named as grantors and Elizabeth T. Stalnaker is named as grantee. That deed however, is signed by six of the heirs at law of Commodore Perry Stalnaker and the spouses of five of said heirs, as well as by the defendant. Blank spaces appear for the other heirs and their spouses who have not signed the deed.

The answer was filed by a decree entered August 28, 1952, to which answer the plaintiff replied generally in writing.

On this state of the record, the trial court, in the absence of any proof, decreed that the two lots described in the bill of complaint, could not be conveniently alloted in kind to the parties of this suit who now own the one-half undivided interest in same, because of the "physical natural situation of said real estate". It is further decreed that the two lots be sold; that the court costs be paid out of the proceeds of the sale; and that the residue of said proceeds be divided among the parties to this suit as their interest may appear. The decree also set forth the terms and place of sale and appointed counsel of plaintiff to serve as Special Commissioner.

The assignments of error are somewhat diffuse. We think they may be summarized as follows: (1) Were all of the persons interested in the real estate parties to this suit? (2) Is the defendant a proper party, disclaiming as she does, any interest in the real estate? (3) Did the court err in decreeing a sale before ascertaining and finding whether the complete title to the land had been brought before the court, including the legal and equitable title, after same had been separated? (4) Should there have been proof showing the owners and respective interest of the heirs of Commodore Perry Stalnaker, deceased? (5) Should the trial court have required proof as to whether the land was susceptible of partition in kind?

The jurisdiction of equity to make partitions is fully and completely established, though formerly at common law, a writ of partition would lie. See 14 M. J. Jurisdictions, §13. Judge Green discusses this question in the case of *Hudson et al. v. Putney et al.,* 14 W. Va. 561, using the following language: "Prior to the Code of 1850 a court of equity in a suit for partition of land could decide on the rights of parties to participate in the division, but not on the simple question of title to the land; and if the plain-

tiff's title was denied, and it depended on doubtful facts, or questions of law, the court should have either dismissed the bill, or retained the cause till the plaintiff's rights were decided at law. But since the passage of the Code of 1850 (see chapter 124, §1, p. 526, chapter 79, §1, p. 487, Code of W. Va.) when the title of the plaintiff is doubtful, the court of equity should decide the question, observing the general rules of practice in courts of equity for the purpose of ascertaining facts either by a jury, or otherwise as may be most proper." The pertinent statutory provision now in force, will be found in Acts of the Legislature, 1939, Section 1, Article 4, Chapter 146, (Michie's Code, 1949, Chapter 37, Article 4, §1). The statutory provisions and decisions of this Court indicate that those matters which were formerly cognizable in a court of law may be determined by a court of equity. With this principle in view, we think that doubt, relative to the title to real estate, or any other matter concerning a cloud upon a title or adverse claim to the land, should be resolved by the trial court in a suit for partition. *Moore* v. *Harper,* 27 W. Va. 362.

The plaintiff possibly relied upon an expression in the opinion of this Court in *Bennett* v. *Coal Co.,* 127 W. Va. 184, 192, 32 S. E. 2d 51, which was a case involving a cancellation of a deed from the commissioner of school lands to the defendant. The Court used the following language in the body of the opinion: "* * * we think the rule is that in ascertaining who are known persons, a plaintiff instituting suit is not called upon to go beyond an investigation of the records in the county in which the property affected is situated."

As was said in *First Nat'l Co.* v. *Mariani,* 134 W. Va. 135, 141, 59 S. E. 2d 465, it is an inherent principle in our system of jurisprudence that all persons materially interested in the subject-matter of a suit should be made parties thereto. No other citation of authority is necessary.

In this suit only two of the heirs at law of Commodore Perry Stalnaker, deceased, are parties to the suit, though

the bill of complaint, as well as the answer of the defendant, shows there are other persons who are heirs at law of the decedent and are not parties to this suit. Where all persons interested in land are not parties to a suit, a decree of partition is null and void. *Oneal* v. *Stimson*, 61 W. Va. 551, 56 S. E. 889; *Lambert* v. *Peters*, 120 W. Va. 741, 200 S. E. 2d 33.

The defendant disclaims any interest in the land sought to be partitioned in this suit. If she is correct in that allegation, of course she is neither a necessary nor a proper party. *Dinges et als.* v *Branson et als.*, 14 W. Va. 100, 121.

If the answer of the defendant is correct, she had no more than a one-ninth beneficial estate in the real estate formerly owned by her father. According to the allegation of her answer, the land was conveyed to her as trustee for the other heirs. Whether that trust was in writing, or otherwise, we cannot ascertain from this record. The defendant alleges an express trust without stating the conditions. Such trust may be proved by oral evidence. *Currence* v. *Ward et al.*, 43 W. Va. 367, 27 S. E. 329; and when proved by clear and satisfactory parol evidence, the statute of frauds does not apply. *Hamilton* v. *McKinney*, 52 W. Va. 317, 43 S. E. 82. See *Floyd* v. *Duffy*, 68 W. Va. 339, 69 S. E. 993; *Tanner* v. *McCreary*, 88 W. Va. 658, 107 S. E. 405; *Bennett* v. *Bennett*, 92 W. Va. 391, 115 S. E. 436.

The trial court did not attempt to ascertain the interest of any of the co-tenants of the land of Commodore Perry Stalnaker, deceased, except possibly the plaintiffs and the defendant's interest. A decree of partition of the land should not have been made, nor should the land have been directed to be sold before ascertaining the interest of all the coparceners. *Life and Trust Co.* v. *Wood*, 96 W. Va. 516, 123 S. E. 276, *Childers* v. *Loudin*, 51 W. Va. 559, 42 S. E. 637. It does not affirmatively appear in this record that partition cannot be conveniently made except in a statement in a decree made by the trial court, nor is it anywhere shown that the interest of any person entitled to such real estate be promoted by sale. A sale

cannot be decreed in such circumstances. *Herold* v. *Craig,* 59 W. Va. 353, 53 S. E. 466. In *Dingess* v. *Marcum,* 41 W. Va. 757, 24 S. E. 624, it is held: "It is the duty of the court, through its commissioners, to ascertain what estate exists, before proceeding to make a partition of the same, or confirming such partition." See 1 Hogg's Equity Procedure, Miller, §80.

It was error to decree a partition of land without making all of the persons interested in the land parties to the suit. *Donahue* v. *Fackler,* 21 W. Va. 124. It was likewise error to decree partition before the court ascertained the interest and estate in the land owned by the heirs of Commodore Perry Stalnaker, deceased.

The court should have required the introduction of proof to show that the land was not susceptible of partition in kind. Moreover, there should have been proof establishing that the interest of the persons owning the land or undivided interest therein would be promoted by sale and division of the proceeds of the sale.

Under the statutory provisions, a sale of land cannot be ordered in a partition suit unless it affirmatively appears from the record that "(1) the land cannot be conveniently partitioned in kind, and (2) the interests of the co-owners will be promoted by such sale." *Bracken* v. *Everett,* 95 W. Va. 550, 121 S. E. 713. See *Morrison* v. *Holcomb,* 123 W. Va. 153, 14 S. E. 2d 262.

We are of the further opinion that proof should have been taken with reference to the trust agreement alleged in the answer of the defendant.

The deed which is alleged to have been executed by the defendant and some of the other heirs of Commodore Perry Stalnaker, deceased, as hereinabove stated, is not signed and acknowledged by all of the persons named as grantors in the caption. For that reason, we do not pass on the validity and legal effect of such deed. Likewise, such question is not before us in this suit.

We think the applicable rule will be found in the opinion of *Ely* v. *Phillips,* 89 W. Va. 580, 584, 109 S. E. 808:

"The authorities are uniform in the holding that persons signing a contract prepared for signatures of other persons, to be affixed along with theirs, and intended to be signed by all of the parties named in it, are not bound, until all have signed it, and incur no obligation, if any of those who were to have signed it, refuse to do so."

We therefore reverse the decree of the Circuit Court of Randolph County and remand the cause to that Court, with directions to ascertain all of the persons who have a present estate in the lands described in the bill of complaint, including persons who hold legal and equitable titles, if there has been any separation of such titles; that proof be taken ascertaining whether the land is susceptible of partition in kind, and whether the interest of the persons owning any estate in the land would be promoted by partition in kind, or a sale and division of the proceeds.

*Reversed and remanded*
*with directions.*