(No. 37792.—

BETTY HELDT, Appellee, *vs.* JOHN HELDT, Appellant.

*Opinion filed September 27, 1963.*

Bozeman, Neighbour, Patton & Henss, of Moline, (Virgil Bozeman and John V. Patton, of counsel,) for appellant.

Stewart R. Winstein, of Rock Island, (Harrison H. Kavensky, of counsel,) for appellee.

Mr. Justice Daily delivered the opinion of the court:

This is an appeal from a decree of partition entered by the circuit court of Henry County. A freehold is involved.

John Heldt, the defendant, and Betty Heldt, the plaintiff, are husband and wife and are the parents of three teenage children. Some six years ago the parties acquired the property in question as joint tenants and built a residence wherein the family still resides. In December, 1961, plaintiff filed a complaint to partition the premises, and on a date not entirely clear from the record presented defendant filed a separate complaint for divorce. The latter action, however, was voluntarily dismissed by defendant after the action for partition had gone against him and shortly after this appeal had been filed. Defendant's initial response to the partition complaint was a motion to dismiss which, in

substance, alleged as grounds that partition would work irreparable hardship on defendant and the children, that plaintiff's motive for filing the suit was to force defendant to give her a divorce, and that plaintiff had been guilty of infidelity. When the motion to dismiss was denied, defendant filed an answer alleging by way of affirmative defenses, first, that there was an implied agreement between the parties not to partition, and, second, that defendant was entitled to homestead in the premises. After a hearing the circuit court resolved the issues for the plaintiff, the decree of partition expressly finding that homestead would not be set off in favor of either party.

The defendant has appealed, contending that the lower court erred both in denying the motion to dismiss and in granting partition. For the most part basic and well established principles of law are involved, and the issue presented is largely whether we should extend them to the unprecedented extremes urged by defendant and thus deny to plaintiff the right to partition.

Generally, in the absence of special equities, one owning land in common with another, such as a tenant in common or a joint tenant, has an absolute right to partition. (*Yedor* v. *Chicago City Bank and Trust Co.* 376 Ill. 121; *Murphy* v. *Murphy,* 343 Ill. 234; *Vierieg* v. *Krehmke,* 293 Ill. 265.) It is well settled that when a husband and wife are joint tenants, either may maintain a successful action in partition against the other regardless of the effect on the tenancy. (*Lutticke* v. *Lutticke,* 406 Ill. 181; *Stromsen* v. *Stromsen,* 397 Ill. 260.) At the same time, however, we have stated on many occasions that a court of chancery will not permit a partition proceeding to be used to circumvent established principles of law or public policy and will, in the exercise of equitable jurisdiction, control the proceedings to protect the rights of all the parties. *Brod* v. *Brod,* 390 Ill. 312; *Whitaker* v. *Scherrer,* 313 Ill. 473.

Defendant suggests, without citation of authority or ex-

tended argument, that equity requires that the right of partition be denied plaintiff in this case because she had an improper motive in bringing the action, because partition will work irreparable hardship on defendant and the children and because plaintiff had been guilty of adultery. Apart from the fact that these grounds, stated in the motion to dismiss, are largely conclusions of the pleader, they afford no basis for the result the defendant seeks. It has been consistently held that motive for partition is immaterial, (*Friedman* v. *Friedman,* 283 Ill. 383; *Yedor* v. *Chicago City Bank and Trust Co.* 376 Ill. 121,) and that the absolute right to partition yields to no consideration of hardship, inconvenience or difficulty. (*Peck* v. *Peck,* 16 Ill.2d 268; *Hill* v. *Reno,* 112 Ill. 154.) Nor, in the absence of fraud or coercion attending the creation of the tenancy between the husband and wife, (and none has been alleged or shown here,) will subsequent acts of misconduct by either spouse be looked upon by equity as a basis for denying relief. *Peck* v. *Peck,* 16 Ill.2d 268; *Arliskas* v. *Arliskas,* 343 Ill. 112.

Next, and principally, defendant urges that we should declare it against public policy for either spouse, holding as a joint tenant, to partition premises being used as a home for both the husband and wife and their minor children. Stated otherwise, it is defendant's position that the absolute right to partition should be excepted when it involves a family home with minor children. While such an argument may at first blush have a certain amount of surface appeal, it comes to us without citation of authority or a cogent argument of legal or logical reasons for its acceptance.

We are not disposed to promulgate a sweeping rule of law which would in effect hold that the bonds of matrimony coupled with having children will deprive both parents of full rights and benefits in their property, and of the remedies provided by law with respect thereto. Apart from the arbitrary and discriminatory aspects of the rule contended for, we feel, as counsel for plaintiff aptly states in his brief, that

"The hopes, aspirations and best intentions of a married couple in building a home to raise a family are not tantamount in law with an implied agreement not to partition, when hopes, aspirations and intentions falter."·

For his final contention defendant asserts that the trial court erred in refusing to set off the homestead interest in the property to him. Such refusal, as may be seen from our last analysis of this difficult problem in *La Placa* v. *La Placa*, 5 Ill.2d 468, was not error. The court here was not confronted with the situation of earlier cases where one of the spouses holding jointly had abandoned the premises, or where one spouse succeeded the other as the householder in whom the estate of homestead vests, but with the situation of *La Placa* where the husband and wife holding as joint tenants continue to occupy the premises. Under the circumstances the estate of homestead, which is essentially an exemption from the claims of third parties, was vested in defendant as the husband and householder, and the plaintiff as wife was not presently entitled to homestead. Such being the case, defendant's exemption continues as to his separate parcel on partition, should there be a division in kind and should he continue to occupy it as his residence, or as to his one-half of the proceeds should the land be sold, and there was no need for homestead to be expressly set off. *La Placa* v. *La Placa*, 5 Ill.2d 468.

The decree of the circuit court of Henry County is affirmed.

*Decree affirmed.*