Josephine Odeneal Davis, Plaintiff-Appellee, v. Theodore Davis, Defendant-Appellant.

Gen. No. 54,555.

First District, Third Division.

September 3, 1970.

Starke, Anglin, Wertz & May, of Chicago (Frank A. Anglin, Jr., of counsel), for appellant.

Wexler, Kane & Rosenzweig, of Chicago (Samuel L. Patterson and Ellis B. Rosenzweig, of counsel), for appellee.

MR. PRESIDING JUSTICE DEMPSEY delivered the opinion of the court.

The plaintiff, Josephine Davis, filed a complaint against her husband, Theodore Davis, for separate maintenance. Davis filed a counterclaim for divorce and for partition of their family residence. The trial court granted Mrs. Davis separate maintenance and dismissed the divorce and partition actions. Davis contends that the alimony and child support ordered by the court are excessive and that the court erred in dismissing his counterclaim for partition.

 Davis, the appellant, has failed to file either an abstract or excerpts from the record. The abstract or excerpts are the pleadings of a case and must contain everything necessary to a decision on the issues. Dempski v. Dempski, 27 Ill2d 69, 187 NE2d 734 (1963). In an appeal, all reasonable presumptions are in favor of the judgment or decree of the trial court, and it is the duty of the appellant to overcome these presumptions by affirmatively showing the errors charged. We have held

that failure to file an abstract or excerpts warrants the dismissal of an appeal. Denenberg v. Prudence Mut. Cas. Co., 120 Ill App2d 68, 256 NE2d 71 (1970). In order to adequately consider Davis' contention that the order of alimony and child support is excessive, it would be necessary to make a thorough search of the record to evaluate Mrs. Davis' income and expenses, the needs of the two minor children and Davis' income, expenses, debts and ability to pay. We are not required to search the record to find reasons to reverse a decree. The award of alimony and child support will be affirmed.

On the other hand, the issue of whether the trial court properly dismissed Davis' partition suit only requires a review of the pleadings and the decree, and will be considered.

The right to partition commonly-owned lands is founded upon common law and statute. See Tiffany, Real Property, 2nd ed, Vol 1, § 204; Grigsby, Illinois Real Property, Vol 4, § 1642; Ill Rev Stats 1967, c 106, par 44. The present day statute provides:

> "When lands . . . are held in joint tenancy or tenancy in common, whether such right or title is derived by purchase, devise or descent, or whether any or all of the claimants are minors or of full age, any one or more of the persons interested therein may compel a partition thereof . . . ."

The purpose of partition is to enable those who own property in common to sever their interests so that each one may take possession of, enjoy and improve his separate estate at his own pleasure. Mechling v. Meyers, 284 Ill 484, 120 NE 542 (1918). Where a division of the premises cannot be made without prejudice to the rights of the interested parties, the land will be sold and the proceeds divided. Peck v. Peck, 16 Ill2d 268, 157 NE2d 249 (1959).

Under both the common law and Illinois statutes, the right to partition has been held absolute

(Hill v. Reno, 112 Ill 154 (1883) ; Howey v. Goings, 13 Ill 95 (1851)) and this principle has been followed to the present time. Partition will yield to no condition of hardship, inconvenience or difficulty (Peck v. Peck, supra) nor will the motives of the person seeking partition affect the action (Heldt v. Heldt, 29 Ill2d 61, 193 NE2d 7 (1963)). Qualifications to these principles have arisen only where partition would be in violation of a person's own agreement, or of a condition or restriction imposed upon the estate by the one from whom he claims, or where it would be used to circumvent established principles of law or public policy. Brod v. Brod, 390 Ill 312, 61 NE2d 675 (1945) ; Arnold v. Arnold, 308 Ill 365, 139 NE 592 (1923). Thus, where a husband institutes partition proceedings against his wife involving their home, the husband must provide another suitable home for her or set off her homestead interest under the Illinois statute. Brod v. Brod, supra.

■■■■ Mrs. Davis contends that her case falls within the public policy exception; that partition would be contrary to the State's public policy requiring a parent and spouse to provide support and shelter for the other members of his family. She argues that if partition were granted she and her children would have to live in a rented apartment and that her husband's past conduct shows he would not make the regular alimony and support payments to enable her to pay the rent. This contention has been rejected in Heldt v. Heldt, 29 Ill2d 61, 193 NE2d 7 (1963). The parties to the suit were husband and wife and they were the parents of three teen-age children. The wife sought a partition of their family residence and the husband opposed it primarily on the ground that it would be against public policy for either spouse, holding as a joint tenant, to partition premises used as a home for both the husband and wife and their minor children. The court explicitly rejected that argument and held that the wife was entitled to partition.

The fact that in the present case the partition suit was brought as part of a counterclaim to a separate maintenance action is of no consequence. Separate maintenance does not enlarge the rights of a spouse to property held in joint tenancy. That portion of the decree dismissing the counterclaim for partition was error. The cause will be remanded for entry of a decree granting partition.

Judgment affirmed in part and reversed in part and remanded with directions.

SCHWARTZ and McNAMARA, JJ., concur.