115 N.J. Super. 189 (1971)
278 A.2d 531
ROBERT C. GOODPASTURE AND BARBARA P. GOODPASTURE, HIS WIFE, PLAINTIFFS,
v.
JOAN H. GOODPASTURE, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided May 25, 1971.
*192 Messrs. Kasen, Schnitzer, & Kraemer (Mr. Daniel G. Kasen, appearing), attorneys for plaintiffs.
Messrs. Ryan, Foster & Garofalo (Mr. William Ryan, Esq., appearing), attorneys for defendant.
HARTMAN, J.C.C. (temporarily assigned).
Plaintiff sues to partition real estate, the former matrimonial home of the parties. Defendant, his former wife, seeks to prevent it. The central question to be decided is whether plaintiff's unilaterally undertaken obligations regarding use and occupation of the home by defendant and the child, entered in his ex parte Nevada divorce proceedings on his own motion, constitute a waiver of his right to partition or estop him from asserting that claim. I find no case directly in point.
The relevant facts are not in dispute. The parties met sometime in the late summer or early fall of 1958. Each had been married and divorced, and each had two children by the former marriages. They were married on July 2, 1959. Defendant sold her Florida property (granted to her in her prior Florida divorce proceedings) and applied the proceeds of that sale to the purchase of a home in Montclair. *193 In 1963 their Montclair home was sold and the appreciated net proceeds were used to purchase 34 Maple Drive in North Caldwell, as tenants by the entirety. This is the matrimonial home which plaintiff now seeks to partition. It is presently being occupied by defendant, her 18-year-old youngest son by her first marriage, and Margot, the only child of this marriage, now eight years of age.
Defendant's answer alleges that plaintiff deserted her in June 1965. There is nothing before the court to indicate how she got along for the following two years. In any event, he filed an action for divorce against defendant in Clark County, Nevada, in 1967. Service of that complaint was made on defendant in New Jersey on February 9, 1967. Defendant filed no appearance in the action nor did she participate in the Nevada proceedings in any manner. On March 3, 1967 "defendant not being present personally, and not being represented by counsel or any other person," the Nevada district judge granted plaintiff an absolute divorce on the ground of "extreme cruelty, mental in nature."
In view of the issue before this court, the findings of the Nevada judge and his adjudications are set forth as follows:
1. That for a period longer than six weeks immediately preceding the verification of said complaint, plaintiff has been and still is, an actual bona fide resident of the State of Nevada.
2. That plaintiff and defendant intermarried at Montclair, New Jersey, on or about July 2, 1959, and ever since have been and still are, husband and wife.
3. That there is one minor child the issue of said marriage, to wit: MARGOT, born September 1, 1962; that plaintiff is willing and able to pay to defendant the sum of $100.00 per month for the support and maintenance of said child until she reaches the age of majority so long as he is accorded reasonable visitation rights with said daughter.
4. That plaintiff is willing to be required to pay monthly mortgage payments, property taxes and property insurance on the jointly owned property of the parties, located at 34 Maple Drive, North Caldwell, New Jersey, so long as he retains an interest therein and so long as the defendant does not remarry and continues to live in said residence with said daughter.
5. That plaintiff is ready to be required to pay to defendant as and for alimony the reasonable monthly sum of $180.00 so long as she does *194 not remarry; and, in the event that plaintiff is no longer required to make payments on the residence at 34 Maple Drive, then said alimony shall be increased by the monthly sum of $160.00, making a total of $340.00 per month until defendant remarries.
6. That since the said marriage of the parties, defendant has treated plaintiff with extreme cruelty, mental in nature, without just cause therefor, and that plaintiff's health was, and is, thereby and therefrom impaired.
7. That the Court has jurisdiction as to the plaintiff herein.
NOW, THEREFORE, upon the above findings, and good cause appearing therefor, upon motion of JACK G. PERRY, attorney for plaintiff,
IT IS ORDERED, ADJUDGED AND DECREED that the bonds of matrimony now and heretofore existing between plaintiff and defendant, be, and the same hereby are, wholly dissolved and set aside, and that plaintiff, ROBERT C. GOODPASTURE, be, and he is hereby, decreed an absolute and final decree of divorce from the defendant, and the parties hereto and each of them are hereby restored to the status of single, unmarried persons.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that plaintiff pay the sum of $100.00 per month for the support and maintenance of his child, MARGOT, until said child reaches age majority, so long as he is accorded reasonable visitation rights with said daughter.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that plaintiff pay the monthly mortgage payments, property taxes and property insurance on the jointly owned property of the parties, located at 34 Maple Drive, North Caldwell, New Jersey, so long as the defendant does not remarry and continues to live in said residence with said daughter.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that plaintiff pay to defendant as and for alimony, the sum of $180.00 per month so long as she does not remarry; and, in the event that plaintiff is no longer required to make payments on the residence at 34 Maple Drive, then said alimony shall be increased by the monthly sum of $160.00, making a total of $340.00 per month until defendant remarries.
DATED and DONE in Open Court, this 3rd day of March, 1967.
It is not disputed that following the entry of the Nevada decree of divorce plaintiff made the support payments pursuant to the provisions thereof, including the payments for the mortgage, taxes and insurance on the New Jersey home. Thereafter, defendant brought an action against plaintiff in the Supreme Court of New York (plaintiff had remarried following his Nevada divorce and was apparently then living *195 in New York) for a declaratory judgment adjudging his last marriage to be null and void and of no force and effect. After six days of hearings in that court a judgment was filed on July 24, 1968 declaring plaintiff's Nevada divorce to be a valid one and entitled to full faith and credit.
From the date of the entry of plaintiff's ex parte decree in Nevada on March 3, 1967, to the present time, including the time of the pendency of the New York proceedings attacking the validity of that decree, plaintiff has regularly made the payments of alimony and support for defendant and their child and has faithfully and regularly made the mortgage, tax and insurance payments in accordance with the Nevada decree.
The validity of the Nevada decree dissolving the marriage having been laid to rest in the New York proceedings, the latter judgment compels its respect under the Full Faith and Credit Clause of the Federal Constitution. Kram v. Kram, 52 N.J. 545 (1968), and cases cited therein. So long as the parties remained husband and wife they enjoyed an estate by the entirety in the matrimonial home which could not be partitioned. But with the entry of the valid Nevada divorce the estate by the entirety was automatically, by operation of law, converted into one of tenancy in common. Eberle v. Somonek, 24 N.J. Super. 366 (Ch. Div. 1953) aff'd. p.c. 27 N.J. Super. 279 (App. Div. 1953).
As to matrimonial co-tenants, the right to partition between them is an absolute one. Drachenberg v. Drachenberg, 142 N.J. Eq. 127 (E. & A. 1947), Michalski v. Michalski, 50 N.J. Super. 454, 460 (App. Div. 1958). A husband's abandonment of his wife and his refusal to support her is no defense to his rights in his property. Pentek v. Pentek, 117 N.J. Eq. 292 (Ch. 1934); that it is the family home is no defense. Heldt v. Heldt, 29 Ill.2d 61, 193 N.E.2d 7 (1963). An oral agreement not to partition interests in real property is not a defense since it is affected by the *196 statute of frauds. Brands v. Cassedy, 124 N.J. Eq. 417 (Ch. 1938), aff'd 125 N.J. Eq. 346 (E. & A. 1939).
This absolute right, however, is subject to some limitations. Thus, written agreements not to partition are sanctioned if they are fair and equitable. Property settlement agreements between husband and wife, to the extent they are equitable and fair, are enforceable in equity. An agreement not to partition must be reasonable as to time, and may be expressed or implied. Hotchkin v. Hotchkin, 105 N.J. Super. 475 (Ch. Div. 1969) (involving partition of personal property); Michalski v. Michalski, supra (where co-tenants' agreement not to partition until one of them should die  wife was more than 70, the husband more than 60  was held not to be an unreasonable period of restraint on partition).
Plaintiff fixed his own terms for the support and maintenance of his wife and child. He was fully aware of his title interest in his New Jersey property. By his own unilateral act, memorialized as such in his divorce decree, he gave assurance to his wife  to all intents and purposes a promise  that so long as she remained in the home and was unmarried, and as long as the child was here with her, she was safeguarded with a roof over their heads and he would keep up the mortgage and tax payments and keep the home insured. He was represented by counsel. It is to be presumed that he knew, or should have known, that with a valid divorce decree the right of partition was his. If he did not know it, reasonable inquiry would have disclosed the fact.
In effect he represented to his wife by his terms, albeit unilaterally, that she could have the use and occupancy of the home; he knew or is presumed to know what he was doing; he must have intended that she should accept his terms  as she in fact did; she did accept the payments and the benefit of his provisions, thus relying on his promises. All these factors are significant and essential elements of an equitable estoppel. Its foundation is justice and good *197 conscience, its purpose to prevent unconscientious and inequitable assertions or enforcement of claims which, but for an estoppel, could otherwise be enforced. Thomas v. Camden Trust Co., 59 N.J. Super. 142 (Law Div. 1959).
In Flammia v. Maller, 66 N.J. Super. 440 (App. Div. 1961), it was held:
Equitable estoppel embodies the doctrine that one may not repudiate an act done or a position assumed where that course would work injustice to another who, having the right to do so, relied thereon. McAlpine v. Garfield, 25 N.J. Misc. 477, 480 (Cir. Ct. 1947), aff'd. 137 N.J.L. 197 (E. & A. 1948). The essence of equitable estoppel is that one is precluded from taking a position inconsistent with that previously assumed and intended to influence another's conduct, if such repudiation would not be responsive to the demands of justice and good conscience in that it would effect an unjust result as regards the latter. An essential element is that the party claiming the estoppel actually relied upon the conduct of the party said to be estopped, and because of such reliance changed his position, and this to his prejudice. [at 448-449.]
It should be noted that the inclusion of support provisions in his ex parte divorce decree was totally unnecessary to those proceedings. Nevada never had in personam jurisdiction over defendant. Those provisions, purely in personam, could not be binding on defendant, if she chose to disregard them, in any jurisdiction, including Nevada. Isserman v. Isserman, 11 N.J. 106 (1952); concurring opinion of Mr. Justice Douglas in Esenwein v. Commonwealth ex rel. Esenwein, 325 U.S. 279, 65 S.Ct. 1118, 89 L.Ed. 1608, 157 A.L.R. 1396 (1945); Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565 (1877).
Estoppel in pais is an equitable doctrine. Under it a party is not permitted the right to repudiate acts done or positions taken or assumed by him when there has been reliance thereon and prejudice would result to the other party. Such injustice should not be permitted. Kufta v. Hughson, 46 N.J. Super. 222 (Ch. Div. 1957).
A waiver connotes a voluntary and intentional relinquishment of a known right or claim. It operates unilaterally and without regard to the rights of others. Merchants *198 Indem. Corp. of N.Y. v. Eggleston, 68 N.J. Super. 235 (App. Div. 1961), aff'd 37 N.J. 114 (1962). The intention to waive need not be manifested expressly "but may be spelled out from a state of facts exhibiting full knowledge of circumstances producing a right and continuing indifference to the exercise of that right." Poray v. Royal Globe Ins. Co., 90 N.J. Super. 454 (Law Div. 1966), citing Merchants, supra (from page 254).
I find as a fact that plaintiff knowingly created by his own acts a situation which was relied upon by defendant. He has therefore "waived" any right he might otherwise have had to partition the property, and he is "estopped" from asserting his claim to partition. The conditions to defendant's right to use and occupy the premises still exist and I find the same to be reasonable as to the period of time defendant may enjoy that possession. To hold otherwise would in my view be inequitable.
Equity regards that as done which in good conscience should be done. Martindell v. Fiduciary Counsel, Inc., 133 N.J. Eq. 408, 413 (E. & A. 1943). It is reasonable to assume that, having had legal advice in New Jersey before he traveled to Nevada to secure a divorce, defendant was apprised of the calculated risks he was taking. New Jersey law permits a wife to sue in separate maintenance in disregard of a husband's ex parte divorce secured in another state. N.J.S. 2A:34-24.1. A wife is not precluded from attempting an attack on that type of divorce. It would appear that plaintiff's purpose in entering the support provisions in a decree of a sister state whose jurisdiction did not extend in personam over his wife was to induce her by the very nature of those provisions to take no action against him in the area where she had a legal right to pursue him. Having accomplished that end, he should not be permitted to change his mind now.
We find no case law in this State which construes a judgment to be a contract. Yet, just as a contract creates rights and obligations, a judgment judicially declares rights *199 and obligations flowing from a contract, as, for example, a suit to specifically perform or enforce an agreement. Clark v. Brown, 101 N.J. Super. 405 (Law Div. 1968); West Jersey Title, etc., Co. v. Industrial Trust Co., 27 N.J. 144 (1958). The facts of our case support a finding that an implied contract was created between the parties. Cf. Specht v. Eastwood-Nealley Corp., 34 N.J. Super. 156 (App. Div. 1965) (an implied contract found from a unilaterally set up pension). We have an offer and an acceptance. The acceptance is evident from defendant's receipt without complaint of the monies forthcoming by reason of the support provisions of the Nevada decree. The plaintiff was under a common law duty to support; we therefore have a valid consideration for the contract. What plaintiff unilaterally proposed in Nevada eventually carried the imprimatur of a court order. Defendant had a right to rely upon it. By relying upon that order she was "lulled into a feeling of security with reference to the authoritative value" of that order. See Bowers v. Bowers, 132 N.J. Eq. 431 (E. & A. 1942).
By a subsequent move in these proceedings plaintiff sought to introduce evidence, through his own oral testimony, of his intention with regard to his offer in Nevada. He was permitted to testify, subject to the right of defendant's counsel to move to strike all or any part of that testimony as being inadmissible. The expressed language in the decree is neither dubious, ambiguous nor uncertain; it is clear and plain. Plaintiff was not only represented by Nevada counsel but also conceded that he might have received legal advice as to his right to partition from New Jersey counsel before he left for Nevada. Parol or extrinsic evidence is not available to him. Naumberg v. Young, 44 N.J.L. 331 (Sup. Ct. 1882); Farber v. Shell Oil Co., 47 N.J. Super. 48 (App. Div. 1957); Casriel v. King, 2 N.J. 45 (1949). Defendant's reserved motion to strike all of plaintiff's testimony regarding his "intention" as violative of the parol evidence rule is therefore granted.
Plaintiff's complaint for partition is dismissed.