SAMUEL L. STILLINGS

*v.*

LUCY E. STILLINGS

(No. 14934)

Decided July 17, 1981.

*Paul E. Parker, Jr., John S. Sibray* for appellant.

*Rose, Southern* and *Padden and Phillip C. Petty* for appellee.

MILLER, JUSTICE:

Samuel L. Stillings appeals from an order of the Circuit Court of Marion County dismissing his partition suit for the sale of certain real estate jointly owned by Stillings and his former wife. The circuit court refused to order the sale of the property under W. Va. Code, 37-4-3, because Mrs. Stillings had been previously awarded in a divorce decree the exclusive use and possession of the real estate in question. It was the trial court's conclusion that the divorce decree which gave the wife exclusive use of the home property deprived her former husband of the type of possessory interest in the property necessary to bring a partition suit. For reasons herein set out, we disagree and reverse.

It is apparent that part of the problem in this case centers on what happens to the right of a joint tenant to partition when, as a result of a divorce decree, the other joint tenant is awarded exclusive possession of the home property. In Syllabus Point 2 of *Murredu v. Murredu,* 160 W. Va. 610, 236 S.E.2d 452 (1977), we stated:

> "A trial court in the exercise of its sound discretion under the provisions of W. Va. Code, 48-2-15, may award the exclusive use of the home property to a spouse incident to obtaining custody of the children."

We also recognized by way of a dictum in *Murredu* that the right to partition under W. Va. Code, 37-4-1, may still be possible although exclusive possession has been granted to

a spouse joint tenant as an incident to a divorce.[1]

The appellant husband argues that our partition statute gives him an absolute right to have a partition through sale. On the other hand, the appellee wife contends the husband has no right to partition since he has no present possessory interest and it was upon this theory that the trial court dismissed the husband's partition suit.

In *Consolidated Gas Supply Corp. v. Riley*, 161 W. Va. 782, 247 S.E.2d 712 (1978), we discussed in some detail the common law right of partition and the expanded right to partition arising from our partition statute. W. Va. Code, 37-4-1, *et seq.* We expressly stated that "this Court has never interpreted the statutory right to partition by sale as absolute. W. Va. Code, 37-4-3." 247 W. Va. at 714, 247 S.E.2d at 714. In Syllabus Point 3 of *Riley*, we set out the initial statutory requirements for a partition by sale as follows:

> "By virtue of W. Va. Code, 37-4-3, a party desiring to compel partition through sale is required to demonstrate that the property cannot be conveniently partitioned in kind, that the interests of one or more of the parties will be promoted by the sale, and that the interests of the other parties will not be prejudiced by the sale."

---

[1] The precise language of *Murredu* is:

"We are aware that a partition suit under W. Va. Code, 37-4-1, is available where there is joint ownership of real property. However, as indicated in *Stalnaker v. Stalnaker*, 139 W. Va. 658, 80 S.E.2d 878 (1954), such action is equitable in nature and it must be shown that the interest of the persons owning the land would be promoted by the sale. It would seem that this would afford sufficient protection against a partition suit designed to frustrate a divorce court's award of exclusive possession of the home property to the spouse granted custody of the children." 236 S.E.2d at 457.

*Murredu* involved the award of exclusive possession to a joint tenant spouse as a result of obtaining custody of the children. Here, there were no children subject to custody, but the husband does not raise this point in this appeal. *Murredu*, however, predicated its right to exclusive possession on W. Va. Code, 48-2-15, which permits the court to "make an order concerning the estate of the parties" in order to effectuate its divorce decree. There may be occasions when the award of exclusive possession of the home property to a joint tenant spouse is appropriate even though there are no minor children involved.

Consequently, the appellant husband's position that he has an absolute right to partition for sale cannot be sustained under our law.

However, we do not accept the wife's position that because she was granted exclusive use of the jointly-owned property in the divorce action, her former husband lacks a sufficient possessory interest to bring a partition suit.

It does not appear that we have had occasion to extensively discuss the type of possessory interest needed for partition. In *Woodrum v. Price,* 100 W. Va. 639, 641, 131 S.E. 550, 550 (1926), we stated:

> "The fact that the plaintiffs are not in actual possession of this land, and that the defendant grantees hold and claim it adversely, is not a determining factor in the question of jurisdiction. Under the West Virginia statute, possession by the plaintiffs is not a jurisdictional requirement. The sole test of jurisdiction in our statutory partition is the relationship of the parties to the land sought to be partitioned."

In *Brown v. Brown,* 67 W. Va. 251, 251-52, 67 S.E. 596, 596 (1910), we denied the right of a remainderman to bring a partition suit stating:

> "He cannot maintain a suit for partition by virtue of his remainder. Nor can he have partition unless entitled to immediate possession. A remainderman is not so entitled. This court has decided that a reversioner or remainderman cannot compel partition during the continuance of a particular estate. Merritt v. Hughes, 36 W. Va. 356, 15 S.E. 56; Croston v. Male, 56 W. Va. 205, 49 S.E. 136, 107 Am. St. Rep. 918." 67 S.E. at 596.

The general rule elsewhere is that in the absence of some specific statutory provision, a person is entitled to bring partition if he possesses a present right of possession to the property; the actual physical possession of the property is not required. *E.g., Penfield v. Jarvis,* 175 Conn. 463, 399 A.2d 1280 (1978); *Hurwich v. Zoss,* 170 Ind. App. 542, 353 N.E.2d 549 (1976); *Lawrence v. Harvey,* 607 P.2d 551 (Mont. 1980);

59 Am.Jur.2d *Partition* §34 (1971); Annot., 171 A.L.R. 932 (1947).

The fact that a divorce court is empowered under *Murredu* to grant exclusive custody of the home property to one of the joint owners as an incident to the divorce does not mean that this "exclusive possession" is converted into an estate in property such as a life tenancy or some other form of tenancy.[2] We refuse to impose common law property concepts onto the *Murredu* exclusive possession right.

There is considerable confusion in other jurisdictions over the issue of whether partition can be obtained on jointly-owned property where one of the spouses has obtained exclusive custody by virtue of a divorce decree. Most of the cases do not contain any extensive discussion of the problem. Some courts preclude partition based on equitable principles that are not fully articulated. *E.g.*, *Terrible v. Terrible*, 534 P.2d 919 (Nev. 1975); *Goodpasture v. Goodpasture*, 115 N.J. Super. 189, 278 A.2d 531 (1971); *cf.*, *Willisch v. Willisch*, 335 So.2d 861 (Fla. App. 1976); *Balderston v. Balderston*, 40 Md. App. 239, 388 A.2d 183 (1978).

Illinois appears to permit partition regardless of any equities in the one having exclusive possession. *Heldt v. Heldt*, 29 Ill.2d 61, 193 N.E.2d 7 (1963); *Davis v. Davis*, 128 Ill. App.2d 427, 262 N.E.2d 788 (1970). One court suggests

---

[2] Note 1 of *Patterson v. Patterson,* ____ W. Va. ____, 277 S.E.2d 709, 712 (1981), contains the statement "we expressly state that a spouse may receive a life estate subject to remarriage in the home property." The use of the term "life estate" in the common law property sense is disapproved. We know of no authority that would permit a divorce court to create a life estate in real property. To permit such an estate would enable the spouse to abandon the physical possession of the property and rent the same. This is contrary to the concept of *Murredu* that the possession of the marital property may be awarded for the use of spouse and children. Furthermore, the granting of a life estate in the common law property sense would defeat a right to partition during the lifetime of the spouse so awarded since we have held in *Cales v. Ford,* 126 W. Va. 158, ____, 28 S.E.2d 429, 436 (1943):

"A life estate would defeat any right to partition during the existence of the life tenancy, for the right to possession is the test of the right to partition." (citations omitted)

that "it would be against public policy and principles of law and equity to allow partition during the minority of the children while the house was set aside for the exclusive use of the mother and minor children under a decree of dissolution." *Lawrence v. Harvey, supra*, 607 P.2d at 556.

We think that a proper solution to this issue is to recognize that since the "exclusive possession" decree does not vest a common law property interest, it may be modified as any other divorce decree. The general rule is that divorce decrees relating to support, maintenance, and custody of children may be subsequently modified by the court based on the changed conditions of the parties. W. Va. Code, 48-2-16; *Nichols v. Nichols*, 160 W. Va. 514, 236 S.E.2d 36 (1977); *Corbin v. Corbin*, 157 W. Va. 967, 206 S.E.2d 898 (1974); 24 Am.Jur.2d, *Divorce and Separation* §665 (1966).

The modification of a divorce decree is essentially based on equitable principles of fairness; this is the same general standard that is required to obtain a partition by way of sale. Under W. Va. Code, 37-4-3, it must be demonstrated that the interests of one or more of the parties will be promoted by the sale and that the interest of the other parties will not be prejudiced. So, a partition suit for sale is not a remedy incompatible with a modification of a divorce decree.

One of the primary purposes of the *Murredu* exclusive possession rule is to enable the divorce court to utilize the family home property as the living situs for the spouse who has obtained custody of the children. It provides a vehicle to award the use of habitation, thereby diminishing the monetary payments necessary for shelter for the spouse and children. However, it is not difficult to foresee changes in circumstances where it would become inequitable to continue the exclusive possession decree. The New York court in *Ripp v. Ripp*, 38 A.D.2d 65, 69, 327 N.Y.S.2d 465, 469-470 (N.Y. App. 1971), *aff'd*, 344 N.Y.S.2d 950 (1973), addressed some of these factors in the context of determining whether a partition sale should be authorized:

"[I]n making that decision, [the court] should give weight to the relative financial resources of the

parties, the need of either party for occupancy of the home, and the duration of the exclusive possession. For example, the court's decision might well be affected, among other things, by the cost of maintaining the home in comparison to the benefits received, the financial hardship suffered by either party by the refusal to authorize a sale of the property, the presence or absence of children to enjoy the use of the home, or the size and expansiveness of the home in relation to the expected use."

Certainly, these factors are not exclusive since the determination must be made on the specific facts of a given case and in these matters the trial court has considerable discretion.[3]

In the present case, the trial court erred in its initial determination that the appellant husband had no standing to bring a partition suit, and for this reason the case must be reversed for further proceedings in accordance with the foregoing principles.

*Reversed and remanded.*

NEELY, JUSTICE, CONCURRING:

I would point out that this case does not provide anything even close to an *absolute* right to partition when a wife has been awarded possession of a house. All it does is provide a hearing through which the judge must inquire into the equities of a possible partition. It is important to observe one critical factual element in this case, namely that this action is brought by a prominent, middle-aged doctor against his former wife of many years. It is conceivable that a married couple in this economic bracket might have purchased an enormous house which would be far in excess of reasonable housing for one person. Under that circumstance, it may be equitable to permit partition.

---

[3] We stated in *Murredu*, that where the trial court determines partition is warranted:

"[T]he granting of the sale of the home property might serve as a proper basis for adjusting a prior award of alimony or child support by the divorce court." 160 W. Va. at 610, 236 S.E.2d at 457.

However, I am fearful that this case may be misused by middle income persons. While Dr. Stillings in this case is probably able to pay an increase in alimony of $1,000 a month to compensate his wife for her loss of the use of the house and to permit her to rent and maintain another smaller but suitable abode, such is not usually the case.

The use of jointly held property is security for a woman. If a jointly owned house is sold, the husband can take his share of the proceeds and flee the jurisdiction—not an uncommon occurrence. Furthermore, anyone who has practiced domestic relations law knows that getting alimony and child support out of a husband is more often than not like pulling teeth. America is a mobile society and once a husband decides to leave a West Virginia mine, for example, to go to Montana, as a practical matter, it is almost impossible for a wife to enforce her alimony award. Where a court gives the use of jointly held property, at least there is security that the wife will have a roof over her head. Thus some important elements of a court's overall equitable considerations must be the moral risk of precipitous departure by the husband, his overall solvency, his past record of making timely payments without dispute or litigation, and his life expectancy along with the ability of his estate to respond to a wife's right to alimony if it is awarded for her lifetime.

While a husband can bring an action for partition where he can show compelling equitable circumstances, such as an unreasonable tying up of his capital in a palatial house, a spiteful action for partition should never be countenanced. I suspect, but cannot prove, that this is such an action. Where a woman has made a home and wants it for sentimental purposes and to make a refuge for emancipated children, partition should not be permitted if the circuit court merely plans to cancel the economic advantage to the husband of the partition by raising the alimony award. Continued prosecution of a partition action under those circumstances is *per se* spiteful and for that reason inequitable. Finally, while sentimental attachment alone cannot be a defense to partition, all other things being equal a woman should be permitted to continue to enjoy the

house she has made rather than an apartment or new house, when the cost is comparable.