*In re* MARRIAGE OF DANIEL E. WESSELHOFT, Plaintiff-Appellant, and JOANN M. WESSELHOFT, Defendant-Appellee.

Third District   No. 3—91—0497

Opinion filed April 30, 1992.

James W. Springer, of Kavanagh, Scully, Sudow, White & Frederick, P.C., of Peoria (Julian E. Cannell, of counsel), for appellant.

Frederick W. Allen, of Frederick W. Allen, Ltd., of Peoria (Gary L. Clark, of counsel), for appellee.

JUSTICE HAASE delivered the opinion of the court:

The plaintiff, Daniel Wesselhoft, and the defendant, Joann Wesselhoft, were married in 1954. The parties filed for dissolution of marriage in 1988. The sole issue of dispute between the parties is the status of the husband's interest in the Model Wallpaper and Paint Company. The husband claims the property is a nonmarital asset. According to the husband, he obtained his interest in the company as a

gift from his father, Oscar Wesselhoft. The wife claims the husband's interest is marital property. According to the wife, the husband's interest was purchased from Oscar Wesselhoft during the parties' marriage. At trial, the court ruled that the husband's interest was acquired by purchase and ordered the property evenly divided. The husband appeals. We affirm.

The Model Wallpaper and Paint Company was founded in 1899 by Ernst Wesselhoft. In 1952, Ernst Wesselhoft transferred ownership of the company to his two sons, Walter and Oscar Wesselhoft. Eventually, Walter and Oscar each passed their interest in the company to their two sons, Daniel (plaintiff) and Robert. It is the nature of this transfer that is the subject of the present dispute.

In the early 1960's, Oscar and Walter informed their sons that each parent was transferring his respective one-half interest in the business to his son. The total book value of the company at that time was $100,000. In his evidence deposition, Robert Wesselhoft explained that the transaction was part sale, part gift. Each son agreed to pay $20,000 out of the profits of the business to their respective fathers and $30,000 was "gifted" to each of them.

The plaintiff also characterized the transaction as part sale, part gift.

"Q. All right. Let me ask you this: about 1965 did you and Bob agree to make payments to your father and Walter for the business?

A. Yes, we did.

Q. And you did make payments commencing that time until the business was paid for?

A. Yes. That's not the whole story, though."

The plaintiff went on to explain that the company was run as a family partnership and was quite profitable for many years. During this time, he and Robert would draw only enough money to meet their necessary expenses and the excess profit was evenly divided between their parents. In return for this forbearance, the parents agreed to gradually relinquish ownership of the company. Each year, the plaintiff and Robert received an additional interest in the company from their parents. In addition, the plaintiff testified that the parents gifted part of the company to them. These transactions were not documented nor were specific transfers designated as "gift" or "purchase" transfers.

■ Section 503 of the Illinois Marriage and Dissolution of Marriage Act (the Act) (Ill. Rev. Stat. 1989, ch. 40, par. 503) governs the classification of property. The Act creates a presumption that prop-

erty acquired during the marriage is marital property, and the party seeking to rebut the presumption bears the burden of showing the property was acquired in a manner that makes it nonmarital, such as a gift. (*Hofmann v. Hofmann* (1983), 94 Ill. 2d 205, 446 N.E.2d 499.) Illinois law also presumes that a transfer from a parent to a child constitutes a gift, and the party seeking to rebut this presumption also bears the burden of producing evidence to the contrary. (*In re Marriage of Rosen* (1984), 126 Ill. App. 3d 766, 467 N.E.2d 962.) When a court is faced with inconsistent presumptions, as in the case at bar, the presumptions are canceled and the trier of fact is to determine the facts of the case solely on the evidence presented. *Rosen*, 126 Ill. App. 3d at 772; Cleary & Graham, Handbook of Illinois Evidence §302.9, at 76 (3d ed. 1979).

In the case at bar, the evidence showed that the husband reimbursed his father for at least part of the interest he acquired in the company. The evidence also indicated that the transaction involved a "bargain" distribution of property that would rarely occur in a transaction among strangers. Based on this evidence, the trial court held the entirety of the husband's interest in the company marital in nature. The husband claims the trial court erred. In determining whether the trial court erred, we must deal with one final presumption.

In an appeal, all reasonable presumptions are in favor of the judgment or decree of the trial court, and it is the duty of the appellant to overcome these presumptions by affirmatively showing the errors charged. (*Davis v. Davis* (1970), 128 Ill. App. 2d 427, 429, 262 N.E.2d 788.) In the case at bar the husband has failed to make such a showing. Although reasonable minds may differ as to whether the transaction at issue was marital or nonmarital, the evidence presented certainly supports the trial court's ruling. The trial court could have reasonably concluded, based on the evidence, that the transfer at issue was simply a bargain sale.

Accordingly, the decision of the circuit court of Peoria County is hereby affirmed.

Affirmed.

GORMAN and STOUDER, JJ., concur.