CHARLENE ANN CHANDLER, Plaintiff-Appellant, v. ROBERT CARROLL CHANDLER et al., Defendants-Appellees.

Third District   No. 77-396

Opinion filed September 15, 1978.—Rehearing denied October 19, 1978.

STOUDER, J., dissenting.

Barry M. Barash, of Barash & Stoerzbach, of Galesburg, for appellant.

Larry Lee Spears, of Hottle & Spears, of Monmouth, for appellees.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of Knox County which granted a motion of the defendants Madge Keener and Marjorie J. Smith to dismiss the complaint for partition filed by the plaintiff, Charlene Ann Chandler, and which further denied a motion of the plaintiff for summary judgment.

The plaintiff on December 31, 1976, filed a complaint for the partition of two tracts of real estate in which she had an interest as a co-purchaser with her estranged husband, Robert Carroll Chandler. The plaintiff and her husband were purchasing the real estate by contracts for deed entered into with the defendants Keener and Smith. The tract being sold to the Chandlers in joint tenancy by the defendant Keener will be referred to as "Tract I." The track being sold to the Chandlers as tenants in common by the defendant Smith will be referred to as "Tract II." We note that both contracts contain nonassignment clauses and that the contract for Tract I contains a prepayment restriction until 1982, whereas the contract relating to Tract II grants unto the purchasers the right of prepayment.

It is the plaintiff's contention that the trial court committed error in denying her the right to partition the realty since the doctrine of equitable conversion is applicable. The plaintiff's position is that when she entered

into the agreements with her husband to purchase the realty, the only interest remaining in the vendors Keener and Smith were the rights to payment of the purchase prices and that as co-purchaser she is entitled to end the tenancies held with her husband in the real estate by partition so as to vest in each vendee tenant a sole estate in the two tracts of land. Plaintiff further argues that contrary to the findings of the trial court there was no agreement between the parties not to partition.

■ ■ We first direct our attention to the doctrine of equitable conversion, the principles of which are described in the case of *Shay v. Penrose* (1962), 25 Ill. 2d 447, 185 N.E.2d 218. In this cited case our supreme court described the doctrine as follows:

> "Equitable conversion is the treating of land as personalty and personalty as land under certain circumstances. Hence, as between the parties and those claiming through them, when the owner of land enters into a valid and enforceable contract for its sale he continues to hold the legal title, but in trust for the buyer; and the buyer becomes the equitable owner and holds the purchase money in trust for the seller. The conversion takes place at the time of entering into the contract. It stems from the basic equitable principle that equity regards as done that which ought to be done. The doctrine of equitable conversion has been recognized in Illinois, as it has in practically every other jurisdiction, since earliest times." (*Shay v. Penrose* (1962), 25 Ill. 2d 447, 449, 185 N.E.2d 218, 219.)

The plaintiff argues that the doctrine of equitable conversion is applicable in the instant case and as a result the title of the purchasers (the Chandlers) is equitable and thereby embraces full ownership in fee. It is the plaintiff's reasoning that the defendants Keener and Smith as contract vendors would hold the legal title in trust in their respective properties for her and her husband and that the title would be conveyed to the plaintiff and her husband upon their full performance of the contracts for deeds, to-wit, the payment in full of the purchase prices.

■ ■ In *Shay v. Penrose* (1962), 25 Ill. 2d 447, 185 N.E.2d 218, an action for partition was defeated by the application of the doctrine of equitable conversion, yet a reading of that case clearly discloses that the factual situation present prevents it from being of precedential value in the instant case. We agree with the trial court's statement that there are no Illinois cases which deal squarely and directly with the facts presented in this case. We quarrel not with the doctrine of equitable conversion which has long been recognized in our State and other jurisdictions. (*Shay v. Penrose.*) We do not, however, believe that the doctrine of equitable conversion should be utilized to permit a partition proceedings in order to circumvent and avoid established principles of law and public policy.

*Shay v. Penrose; Hartman v. Hartman* (1973), 11 Ill. App. 3d 524, 297 N.E.2d 199; *Eade v. Brownlee* (1963), 29 Ill. 2d 214, 193 N.E.2d 786.

The plaintiff in arguing against an implied agreement not to partition the realty in effect makes an admission that the contracts for the sale and purchase of the realty would be modified if partition were permitted. This admission is clear when plaintiff in her brief suggests that upon a sale of the premises in a partition action the proceeds from such a sale could be held in trust in order to secure the interest of the vendor defendants-appellees, to-wit, Smith and Keener. The trustee holding the proceeds from the partition sale if such a sale were permitted would make the contract payments to the vendors and plaintiff asserts that if necessary the proceeds would be invested in United States Bonds to assure payment. It goes without saying that the contracts entered into between the vendors Smith and Keener and the vendees the Chandlers made no mention, nor can they be construed, that at the time of their execution any of the parties anticipated a trust fund, and a trustee empowered to make investments in order to assure that the contract payments be made to the vendors.

We are not overly concerned with the effect of a decree of partition as far as the defendant Robert Carroll Chandler, the estranged husband of the plaintiff, is concerned. Marital discord and partition proceedings have long gone together hand in hand, but in such cases the legal title to the realty, not an equitable title, has been vested in the parties. Our paramount concern in the instant case is in regard to the rights of vendors. With good faith they entered into a contract to sell realty to the vendees. The realty was to be the security as far as the fulfillment of the contract on the part of the vendees was concerned. If default occurred on the part of the vendees as to making payments the contracts were to be forfeited, payments which had been made by the vendees were to be retained by the vendors, and the absolute legal title to the realty was to again be vested in the vendors. The vendors were undoubtedly interested in a set rate of financial return from their agreement to sell and there may well have been income tax considerations which influenced their decision to sell their realty on a contract for deed.

■ ■ The plaintiff argues that to deny her the right to partition could be considered a restraint on the alienation of property. It can as well be argued that the law has long looked with favor upon contracts for deed. If such contracts can be modified by a partition proceedings we may well find that they will lose some of their popularity as a medium or method for the sale and purchase of real property.

Needless to say we are aware of the fact that the vendees in the instant case are current with their contract payments and have a large amount of

equity in the real estate involved. We are also aware of the fact that the present economy in our State and nation is one which is in part based upon and affected by inflated land values, so in the instant case a partition sale could reasonably be expected to provide enough proceeds to pay in full the unpaid balance on the Smith and Keener contracts. We must further, however, recognize that land values may not always be inflated and to hold that the plaintiff in the instant case has a right to partition may well set a precedent fraught with inherent dangers which could rear its head and plague us in future years.

As previously stated the contract pertaining to Tract I, the vendor, being the defendant Kenner, has a prepayment restriction effective until 1982. This restriction alone is in our opinion sufficient to defeat a partition action. The contract pertaining to Tract II contains no such prepayment restriction, yet for the other reasons set forth we do not feel that partition of this tract should be permitted. As a matter of policy, entirely aside from the legal desirability of a doctrine almost universally accepted, certainty and stability of titles dictate that the application of the doctrine cannot depend upon the flexible elements suggested by the plaintiff. *Shay v. Penrose* (1962), 25 Ill. 2d 447, 185 N.E.2d 218.

■ ■ As previously stated, this is a case of first impression in Illinois and it is apparent that there is little precedential authority to sustain or reverse the judgment of the trial court; however, in order to uphold established principles of law and public policy we are of the opinion that the judgment of the circuit court of Knox County should be affirmed.

Affirmed.

BARRY, P. J., concurs.

Mr. JUSTICE STOUDER, dissenting:

I disagree with the conclusion of my colleagues that as a general proposition co-vendees under a land purchase agreement do not have an interest in real estate which may be subject to partition. I do believe such co-vendees have an interest subject to partition, although the interest may be limited by the provision of the land purchase agreement.

Section 1 of "An Act in relation to the partition of real estate * * *" (Ill. Rev. Stat. 1975, ch. 106, par. 44) provides in part:

> "When lands, tenements, or hereditaments are held in joint tenancy or tenancy in common, whether such right or title is derived by purchase, devise or descent, or whether any or all of the claimants are minors or of full age, any one or more of the persons interested therein may compel a partition thereof * * *."

The initial issue of this case is whether the interest of co-vendees under the land purchase agreement constitutes "lands, tenements, or hereditaments" within the meaning of the partition act.

The holder of an equitable estate as well as the holder of a legal estate may maintain suit for partition. (*Boddiker v. McPartlin*, 379 Ill. 567, 41 N.E.2d 756.) Legal title is not required. (*Masters v. Smythe*, 342 Ill. App. 185, 95 N.E.2d 719.) The purpose of the partition act is to provide a method by which property owned in common by several persons may be divided so that each person might enjoy his own proportion thereof in severalty, or that, if incapable of division without prejudice, it might be sold and the proceeds divided in such a manner that each might receive such a proportion thereof as he would have received of interest in the land had partition been actually made. (*Merritt v. Merritt*, 97 Ill. 243, and *Ylonen v. Ylonen*, 2 Ill. 2d 111, 117 N.E.2d 98.) Motive for partition is immaterial and an absolute right to partition yields to no consideration of hardship, inconvenience or difficulty. *Heldt v. Heldt*, 29 Ill. 2d 61, 193 N.E.2d 7.

I agree with the discussion in the majority opinion regarding the doctrine of equitable conversion and although I think the reasoning in *Shay v. Penrose*, 25 Ill. 2d 447, 185 N.E.2d 218, is not conclusive, it supports my conclusion rather than the one reached by the majority of the court. In *Shay* the particular holding of the court was that upon the execution of a land contract, the vendee becomes the equitable owner of the premises and the vendor's interest becomes personal property not descending to his heirs as real property. The general theory embodied in the *Shay* case is that the purchaser has most of the incidents of ownership, *i.e.*, exclusive possession, right of income, obligation to pay expenses and taxes, and risk of loss by casualty. The seller's interest is primarily a security interest, subject to the absolute right of vendees to secure legal title and extinguish the security interest by payment in full as required by the contract. If the interest of the vendees under a land purchase contract is an interest in land as indicated by *Shay*, even though equitable, I believe there is no reason for distinguishing the interest of the co-vendees from other joint owners when it comes to compelling a division of the property between them.

The majority declares, "We do not, however, believe that the doctrine of equitable conversion should be utilized to permit a partition proceedings in order to circumvent and avoid established principles of law and public policy." However, the majority opinion does not indicate how permitting partition between equitable owners of real estate is contrary to established principles of law and public policy and the cases cited offer little assistance in demonstrating why the interests of the co-vendees should not be divided. The object and purpose of partition is to

permit the settlement of controversies between joint owners (*Ylonen v. Ylonen*, 2 Ill. 2d 111, 117 N.E.2d 98), and this is true even where the controversy is between husband and wife. (*Heldt v. Heldt*, 29 Ill. 2d 61, 193 N.E.2d 7.) To the extent that any general policy is concerned, I believe the law favors mechanisms that will resolve rather than continue disputes and this purpose would be well served by permitting division of the interests of co-vendees.

I believe that the interests of co-vendees under a land contract is an interest subject to partition and in adopting a contrary position this is as far as the majority opinion goes. However, there may be provisions of the agreement itself which by necessary implication limit the right of partition of the vendees. In the instant case the provisions permitting prepayment in the Smith contract and the provision against prepayment in the Keener contract are significant and require different results in each case.

In deciding whether the provisions of the agreement limit the right to partition, we are required to decide whether partition would affect the interests of the vendor by varying any of the vendor's rights under the contract. If the property can be divided in kind without prejudice to the co-vendees, such division will not affect any interest of the vendor. The co-vendees could obviously do this voluntarily so nothing in the contract would preclude division in kind by the court. Since division in kind is the initial and preferred method of division specified by the partition act, it follows that if division in kind is appropriate then there is nothing in either contract limiting this manner of partition. If division in kind is appropriate then the court erred in denying the plaintiff's complaint for partition without determining the propriety of this remedy.

If division in kind is inappropriate, because it could not be done without manifest prejudice to any of the co-vendees, then a different situation exists. So far as the Smith contract is concerned, the alternate method of settling partition disputes is available, namely, the sale of the premises and distribution of the proceeds of the sale. As in the case of a security interest represented by a mortgage, the terms of the sale would require that the security interest of the vendor be completely protected. This would mean that the sale price would have to be at least as much as the balance due on the contract and the contract seller would be assured of receiving this amount before any interest was divided between the co-vendees. This method is of course appropriate because there is no limitation on the right of prepayment by the co-vendees.

With respect to the Keener contract, a different problem is involved. Because the vendees have no right of prepayment, the interest of the vendor can not be assured or protected by a sale, payment of the vendor's interest, and division of the excess proceeds. If under the terms of the

agreement the vendees have no right to require the vendor to accept prepayment of the amount due on the contract, this provision by necessary implication represents a restriction on the right of the vendees to partition the premises. It is only a limited restriction on the right of partition since as indicated earlier division in kind would not affect any interest of the vendor or require a modification of the contract provisions. Thus, the limitation on partition would apply only to a judicial sale and disposition of the proceeds where division in kind was inappropriate. If division in kind is inappropriate with respect to the land included in the Keener contract, then partition would have to be denied.

In my opinion this case should be reversed and the cause remanded for further proceedings.